HERMAN BLOOM, Appellant, *v.* DALU CORPORATION, Respondent.

First Department, May 4, 1945.

*Benjamin Levitas* for appellant.

*George J. Stacy* of counsel (*Joseph Kane* with him on the brief), for respondent.

*Per Curiam.* The action was brought to recover for personal injuries sustained by plaintiff while ice skating at the defendant's indoor rink. Plaintiff, while participating in a special event for men only, was thrown to the ice by another skater. He testified that the man who caused him to fall had for a time prior to the accident been " cutting in and out " while having a race with some friends. The negligence charged is that defendant did not properly supervise the actions of the skaters.

As the complaint was dismissed at the conclusion of plaintiff's case, plaintiff is entitled to every favorable inference which may reasonably be derived from the testimony. (*Osipoff* v. *City of New York*, 286 N. Y. 422, 425.) In our view, the complaint should not have been dismissed. While there is a certain amount of danger in the sport, it may not be said as a matter of law that, in a skating enclosure, plaintiff must assume the risk of being struck by a reckless skater where defendant, in the exercise of due care, might have protected plaintiff from injury. " One who collects a large number of people for gain or profit must be vigilant to protect them." (*Tantillo* v. *Goldstein Brothers Amusement Co.*, 248 N. Y. 286, 290.) Whether there was proper supervision of the actions of the skaters, whether defendant with reasonable care could have prevented the alleged misconduct and whether plaintiff was guilty of contributory negligence, in the circumstances of this case, were questions of fact for the jury to determine. (*Spatchill* v. *Park Circle Roller Rink, Inc.*, 289 N. Y. 786; *Fritz* v. *City of Buffalo*, 277 N. Y. 710.)

Plaintiff also brings up for review an intermediate order which denied his motion to strike out portions of the answer and granted the alternative relief prayed for to the extent of allowing only a partial examination of defendant before trial. Special Term's disposition was a proper exercise of its discretion.

The order so far as appealed from should accordingly be affirmed. However, the judgment should be reversed and a new trial ordered, with costs to the appellant to abide the event.

MARTIN, P. J., UNTERMYER, DORE, COHN and CALLAHAN, JJ., concur.

Judgment unanimously reversed and a new trial ordered, with costs to the appellant to abide the event. Order so far as appealed from unanimously affirmed.