Alexander Del Gtorno, J.
This is a claim to recover damages for personal injuries sustained by the claimant as a result of the alleged negligence of the State. The claim has not been assigned.
*133 The claimant testified that on July 22, 1954, claimant arrived at the Jones Beach roller skating rink maintained by Jones Beach State Park. He was accompanied by his wife, then five months pregnant and weighing 105 pounds, and by his son, aged five years. Claimant was 39 years of age and was the manager of a dress shop. He had been admitted to the Bar but had practiced law only on occasion.
After having watched the skaters for a time, claimant paid the admission fee to the rink for himself and his son but not for his wife. He himself had never roller skated previously, although he had done some ice skating; nor could his son skate. Claimant, his wife and their son then proceeded into the sitting room, where he left his wife and son and proceeded to make a circle of the rink on his skates. Noticing that one of his skates did not meet with his satisfaction, he returned both skates to an attendant and received another pair. He then skated around the rink again and when returning saw his wife walking his son around the apron of the rink. He moved along the railing with his wife. The apron was an area about 12 feet wide in front of the main door, serving as a channel through which skaters entered and left the rink in such a way as not to interfere with skaters upon the rink itself. While claimant moved along the railing, holding on to it, an attendant, aged 18 years and weighing 195 pounds, approached them and, taking the wife of claimant by the arm, asked her to leave and return to the sitting room.
Reluctant to leave, Mrs. Riaf started to explain to the attendant that her husband and son had not been on roller skates before this time and that she was holding her son and would not leave. At this stage of the conversation, claimant had reached that part of the railing where his wife and son were standing, the wife holding one of the boy’s hands and claimant taking his other hand. The wife was nearer the door of the skate house, the claimant on the far side. Claimant stated that he asked the attendant why the wife had to leave the rink, but that the latter gave no reason. When they were about three to four feet from the door where Mrs. Riaf told the attendant that she would not remove herself from the rink, she testified he pulled and pushed her from the apron into the skate house. On cross-examination, she said she saw no “Skaters Only” sign and that if the attendant had told her that people without skates were not allowed on the rink, she would have left it, although she would have argued with him because of her apprehension for her son. Mrs. Riaf asserted that she was addressed by the attendant in a determined, com *134 manding, authoritative manner and was removed with an undue exercise of authority on his part. The State contends, on the other hand, that she was requested politely to leave. In any event, claimant and his wife contend that as she was propelled through the doorway, she released her hold on the hoy. The latter lost his balance and fell in the direction away from her and toward his father, causing claimant to fall on his right knee.
No assault action ever was brought against the attendant by Mrs. Riaf.
After the accident, in the first-aid station, claimant signed an accident report in which, under the heading “ Patient’s description of accident ’ ’, the nurse had written: ‘ ‘ One of attendants requested patient’s wife to leave floor of skating rink. Patient explained .to attendant his 5 year old son was unable to skate alone. Patient skated towards office to explain above situation and fell striking right knee on floor.” This statement was not the original explanation of the accident written by the nurse, but rather was a variance from the original, made at the insistence of claimant. He signed it, although he wrote something else under the statement which had been written by the nurse. She erased what he wrote, explaining that the rules provide that a patient may merely sign a statement. The writing of the nurse was not disturbed in any way by the claimant.
State’s witness Ducker, foreman of the games area at Jones Beach, testified that there were no facilities for beginners at the skating rink and that no instructions to beginners were provided. Attendants were instructed to request nonskaters to leave the outdoor area. He stated that the claimant had told him he fell as he entered the skate house. Mr. Ducker looked for obstructions, but found none. A sign hanging from the railing immediately in front of the skate house door opening onto the skating area bore the words, written in four-inch white letters on a black background “ Skaters Only ”, which was the sign that Mrs. Riaf testified she did not see. The only eyewitness to the occurrence on the part of the State, the attendant, could not be found four years after the accident and was not produced upon the trial of this claim.
Because of the fact that claimant has submitted to the court findings of fact and conclusions of law, in which are set forth the resultant injuries, medical attention, loss of wages and general expenses, all of which are not in dispute, no further reference thereto will be made in this decision.
*135 The State moved to dismiss the claim at the close of claimant’s case and at the close of the entire case.
The court finds it difficult indeed to believe that the wife of claimant did not see the “ Skaters Only ” sign. While it is understandable that she may have paid no attention to it because of her concern for her husband and son, nevertheless it was there to be seen and constituted an admonition to her not to enter. Ignoring it, in her zeal to protect her son and husband, she became the creator of the events which later transpired, and cannot fix upon the State responsibility therefor.
In the absence of any evidence to the contrary, the court must assume that the attendant involved was a respectable and decent young man and was chosen for his duties after satisfactory examination regarding his duties, qualifications and character. Accordingly, it seems inconceivable that this young man pulled and pushed this comparatively slight, five-month pregnant woman for a distance of several feet, bearing in mind particularly the fact that there had been no heated argument, no quarrel, but merely the attempted enforcement by the attendant of a rule of the park. In view of her refusal to move from the prohibited area, he had no alternative but to compel her to move. The court finds that in so doing, the attendant exercised reasonable authority and used no undue force in obtaining compliance with his request.
Further, if the attendant actually had committed the alleged violence upon the wife of claimant, such action on his part would have been clearly unlawful. She could have proceeded against him criminally and civilly. Even if as a layman she had been unaware of such liability on the part of the attendant, certainly her husband, an attorney, was aware of the cause of action which would have existed. The fact that no such complaint was ever made nor such action was ever instituted against the attendant negates, in my judgment, the happening of the accident in the manner alleged by claimant, especially in view of the fact that he asserted what he felt were his rights when, while in pain, he insisted on rewriting some parts of the accident report.
The question involved herein is whether the record contains sufficient evidence from which it can be found that the proximate cause of the injuries sustained by claimant was a failure by the State to exercise reasonable care in the maintenance, control and supervision of the roller skating rink. The State is not an insurer of those who make use of its park facilities. The law requires that it shall exercise reasonable care in the maintenance of its parks and in the supervision of their qse *136 by the public. (Clark v. City of Buffalo, 288 N. Y. 62, 65; Gurdo v. City of New York, 275 N. Y. 20, 23.)
It is bound to exercise only the degree of care that would be expected of an ordinarily careful and prudent person in its position, and the duty is fulfilled when it makes the place as little dangerous as such a place can reasonably be made having regard to the contrivances necessarily used in conducting such a place. (Ingersoll v. Onondaga Hockey Club, 245 App. Div. 137, 138.)
In cases involving a playground or a skating rink, the duty owed to the public is general superintendence. (Peterson v. City of New York, 267 N. Y. 204.) Constant care and individual supervision is not required (Curcio v. City of New York, supra).
The claimant had not roller skated prior to this occasion, and had no knowledge of the use of roller skates. • It was not the duty of the State to protect him from all the consequences of his ignorance of skating. The duty to be obeyed by the State was determined by the risk reasonably to be perceived. (Palsgraf v. Long Is. B. B. Co., 248 N. Y. 339, 344.)
For practical purposes, the court will disregard the contention of the State that the wife of the claimant was a trespasser. The court believes that actually claimant, who was unfamiliar with roller skates, was so intent upon explaining to the attendant the reason for his wife’s unauthorized presence in the area that his mind was- diverted from the precariousness of the stance he had assumed on skates, resulting in his fall.
Since claimant and his wife chose to use the skating rink, they were obliged to obey the regulations in force. There is no question but that the ‘ Skaters Only ’ ’ sign was reasonable, affirming the right of the owner to use the facilities in the manner indicated by the State. Consequently it was the duty of the attendant to enforce it. (Montgomery v. Buffalo Ry. Co., 165 N. Y. 139.)
The claimant has failed to establish that the proximate cause of his injuries was a failure by the State to exercise reasonable care in the maintenance, care, control and supervision of the park and of its recreational facilities, and further, claimant has failed to prove himself free from contributory negligence causing or proximately contributing to his accident and injuries.
The claim is dismissed.
This memorandum constitutes the decision of the court in accordance with the provisions of section 440 of the Civil Practice Act.
Let judgment be entered accordingly.