CHARLES E. SABEY, JR., as Guardian ad Litem for SANDRA SABEY, an Infant, et al., Respondents, v. HUDSON VALLEY GIRL SCOUT COUNCIL, INC., et al., Appellants.

Third Department, July 2, 1962.

*Edward J. Grogan* and *F. E. Lehner* for Hudson Valley Girl Scout Council, Inc., appellant.

*Carter & Conboy* for The Mastodon, Inc., appellant.

*Charles W. Randolph* for respondents.

REYNOLDS, J. Appeal by the Hudson Valley Girl Scout Council from judgments in favor of respondents for injuries and medical expenses incurred when respondent Sandra Sabey fell during a rollerskating session sponsored and directed by appellants at an arena owned by The Mastodon, Inc.

On the date of the accident troop members, accompanied by two adult troop leaders, arrived at the arena about 2:00 P.M. Sandra, then age 10, testified that she did not know how to roller skate and therefore she began by skating in the beginner's area. It is not disputed that at a meeting of the troop held three weeks prior thereto at which the rollerskating trip was first announced, Sandra, as well as five or six other girls indicated in response to an inquiry by a scout leader that they did

not know how to skate. Additionally appellant did not offer any instruction on skating either prior to going to the arena or while the girls were at the arena. After developing some facility on the skates but while still in the beginner's rink Sandra and another girl began to skate holding hands. Shortly thereafter Sandra and her friend proceeded to the main rink. A short time after arriving in the main rink Sandra and her friend were knocked down by another skater but no injury resulted. Sandra then went to a refreshment area. On her way back from the refreshment area as she was standing in the aisle between the beginner's area and the main rink she was pushed from behind by an unidentified skater as a result of which she fell and fractured her arm above the wrist. She described the person who collided with her as a boy, approximately 13 years old, who at the time was skating "fast" from the beginner's rink into the main rink. During the entire skating session the two scout leaders were in attendance in a position where they could view the children in both rinks. Neither, however, saw Sandra fall. The only evidence of any rowdyism during the entire session was given by an 11-year-old scout who testified that about an hour before the accident a boy, similar in description to the one who pushed Sandra, was skating quite fast, weaving in and out among the skaters and occasionally bumping them. The president of The Mastodon, Inc., and one of the guards working on that particular afternoon stated they received no complaints on the date of the accident nor did they have any knowledge of Sandra's injury. Appellant asserts that the evidence produced by respondents is insufficient as a matter of law to raise any question of negligence on the part of appellant. We agree. The burden is on respondents to establish by a fair preponderance of the evidence that the accident was caused by the fault of appellant rather than by some other cause (see *Matter of Lane* v. *City of Buffalo,* 232 App. Div. 334, 336). Respondents seek to establish liability for the injuries sustained by Sandra upon the theory that her immediate scouting leaders failed to give her proper instructions prior to her undertaking rollerskating and also failed to properly supervise her activities at the rink. As to the contention that the lack of instruction was a proximate cause of the accident, it is sufficient to point out that rollerskating is not an inherently dangerous activity which would constitute a trap for the unwary (see *Murphy* v. *Steeplechase Amusement Co.,* 250 N. Y. 479, 483) and that a sudden fall caused by a lack of agility is a risk which is a natural concomitant of the activity and thus to be assumed. Moreover, reasonable regard for Sandra's safety did not require prior

instruction (see *Weinstein* v. *Tunis Lake Props.*, 15 Misc 2d 432, affd. *sub nom. Derwin* v. *Tunis Lake Props.*, 9 A D 2d 960). The difficulty with respect to the allegation that appellant was negligent in its control and supervision is that there is no evidence to establish that the pushing incident which caused the injury was a foreseeable event which could have been prevented through the exercise of reasonable care. To establish foreseeability it was incumbent upon respondents to show previous negligent conduct on the part of the third party of which the scout leaders present were aware or should have been aware or an atmosphere which would put reasonable persons on notice that the danger of injury to those they were responsible for was materially increased and thus that appropriate steps were required to avoid such danger (see *Ohman* v. *Board of Educ. of City of N. Y.*, 300 N. Y. 306). The present facts indicate no such impending danger. The testimony of respondents' witness that she saw a boy, who resembled the one who pushed Sandra, skating fast an hour before the accident is not sufficient, even assuming he was the same individual who pushed Sandra, to establish a general pattern of inconsiderate conduct either on the part of this particular individual or in the group at the rink during the time Sandra and the other scouts were present. Moreover, the fact that the " push " occurred not on the rink but in an aisle lending access thereto does not aid in finding the " push " foreseeable by the scout leaders present.

The judgment should be reversed and the complaint dismissed, without costs.

BERGAN, P. J., GIBSON and TAYLOR, JJ., concur; HERLIHY, J., concurs in the result.

Judgment reversed, on the law and the facts, and the complaint dismissed, without costs.