■   In the Matter of ANTHONY J. MERCORELLA, Respondent, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents, and MICHAEL A. GENTILE, Appellant.— Judgment, Supreme Court, Bronx County, entered on May 15, 1973, unanimously affirmed, without costs and without disbursements. No opinion.  Concur — Nunez, J. P., Kupferman, Lane, Tilzer and Capozzoli, JJ.

■   In the Matter of HULBERT H. JAMES, Appellant, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents. In the Matter of NANCY E. BROWN, Respondent, v. DAVID N. DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment, Supreme Court, New York County, entered on May 10, 1973, unanimously affirmed, without costs and without disbursements. No opinion.  Concur — Nunez, J. P., Kupferman, Lane, Tilzer and Capozzoli, JJ.

■   In the Matter of LLOYD MERRILL, Appellant, v. DAVID DINKINS et al., Constituting the Board of Elections of the City of New York, Respondents.— Judgment, Supreme Court, New York County, entered on May 11, 1973, denying an application for an order declaring valid the petition designating Lloyd Merrill as a candidate for the public office of District Attorney, New York County, unanimously affirmed, without costs and without disbursements.   While fraud cannot be personally imputed to the petitioner-appellant Lloyd Merrill, we affirm on the basis of lack of sufficient validly subscribed signatures.  Concur — Nunez, J. P., Kupferman, Lane, Tilzer and Capozzoli, JJ.

## (May 22, 1973)

■   ALBERT STORY, an Infant, by OLGA STORY, His Mother and Natural Guardian, et al., Appellants, v. ROBERT L. HOWES, JR., Respondent.— Judgment, Supreme Court, New York County entered on December 26, 1972, unanimously reversed, on the law, and vacated, and a new trial directed, with $60 costs and disbursements of this appeal to abide the event. The plaintiff, aged 11 at the time, sustained injuries as he rode his bicycle north on Broadway in Manhattan, when the rear wheel of his bicycle was struck by the defendant's car coming from the intersection at 120th Street and Broadway.  The jury having found for the defendant, the only question is as to certain aspects of the charge.   While there may have been some errors, not likely to recur, that portion of the charge, that allowed the jury to consider the question of assumption of risk, was erroneous.   The mere riding of a bicycle does not mean the assumption of risk by the rider that he may be hit by a car. (Cf. *Bloom* v. *Dalu Corp.*, 269 App. Div. 192.)   Concur — Nunez, J. P., Kupferman, Lane, Steuer and Capozzoli, JJ.