■ MELISSA BLASHKA et al., Respondents, v SOUTH SHORE SKATING, INC., et al., Appellants. (And a Third-Party Action.) [598 NYS2d 74] —In a negligence action, inter alia, to recover damages for personal injuries, the defendants South Shore Skating, Inc., and America on Wheels, Inc., d/b/a Hot Skates of Lynbrook, New York, appeal from so much of an order of the Supreme Court, Nassau County (Goldstein, J.), entered February 6, 1991, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them, and the defendants third-party defendants Hebrew Academy of the Five Towns and Rockaway, and Camp Hillel separately appeal from so much of the same order as denied their cross motion for summary judgment dismissing the complaint insofar as asserted against them, and dismissing the third-party complaint.

Ordered that the order is reversed, on the law, with one bill

of costs to the appellants appearing separately and filing separate briefs, and the complaint and third-party complaint are dismissed.

The infant plaintiff was brought to the roller skating rink owned by the appellants South Shore Skating, Inc., and America on Wheels, Inc., d/b/a Hot Skates of Lynbrook, New York by the appellant Camp Hillel. Camp Hillel is a summer camp owned and operated by the appellant Hebrew Academy of the Five Towns and Rockaway. At the rink, she was suddenly pushed from behind by another skater, fell, and broke her leg. In denying the motions by the appellants South Shore Skating, Inc., and America on Wheels, Inc., d/b/a Hot Skates of Lynbrook, New York, for summary judgment dismissing the complaint insofar as asserted against them, and the cross motion by the appellants Hebrew Academy of the Five Towns and Rockaway, and Camp Hillel for summary judgment dismissing the complaint as asserted against them and dismissing the third-party complaint, the court imposed the standard of care usually borne by school districts upon the appellants. That standard of care is not applicable here. Where a skater is struck by an unknown skater and no amount of supervision could have prevented the accident, a roller skating rink bears no liability for failure to supervise *(see, Baker v Eastman Kodak Co.,* 28 NY2d 636; *Taynor v Skate Grove,* 150 AD2d 362).* Moreover, neither a camp nor a skating rink has a duty to instruct beginners in skating, an activity that is not inherently dangerous *(see, Sabey v Hudson Val. Girl Scout Council,* 16 AD2d 525; *Riaf v State of New York,* 16 Misc 2d 132). Mangano, P. J., Thompson, Balletta and Joy, JJ., concur.