■ TARIQ MOHAMMED, an Infant, by His Mother and Natural Guardian, SHOBHA MOHAMMED, et al., Appellants, v CITY OF NEW YORK et al., Respondents, et al., Defendants. [613 NYS2d 177] —Order of the Supreme Court, Queens County (Alfred D. Lerner, J.), entered on or about December 18, 1991, which granted the motion by defendants City of New York and the New York City Department of Sanitation to dismiss the action as against the municipal defendants and sever and dismiss the codefendants' cross-claims against the City, reversed, on the law, the motion denied, and the cause of action and cross-claims against the municipal defendants reinstated.

Plaintiff Tariq Mohammed, a three-year old boy was hit by an automobile while his mother held his hand as she was retrieving an emptied garbage can from a roadway outside her apartment house. It is alleged that the presence of the can in the roadway was a proximate cause of the accident. The municipal defendants assert that the can was emptied at about 8:00 A.M. and was returned to the front of the building.

Plaintiff, Shobha Mohammed, the mother, alleges in her affidavit that she passed the garbage can at 12:15 P.M. on the day of the accident, that it had not yet been emptied, and that it was usually picked up in the late morning or early afternoon and almost always left in the roadway. Mohammed Ahmad's affidavit states that the garbage can was still full at about 11:00 A.M. In his affidavits Pervez Zahoor states that he

heard emptied cans being placed in the street, the garbage cans being emptied at about 12:40 P.M. The accident happened at about 1:00 P.M. Yet the motion court's decision granting the motion stated that it was "undisputed that there was a lapse of some four hours" between the emptying of the garbage can and the accident and that the placement of the can "some four hours earlier cannot be a basis for imposing liability on the municipality." Clearly the time of the emptying of the can and, consequently, the period during which it might have been left in the roadway, were material and in dispute. The resolution of that dispute should have been left to the trier of fact.

The motion court further concluded that the proximate cause of the accident was not the placing of the garbage can but the negligent action of the driver of the motor vehicle. There can, however, be more than one proximate cause of an accident *(Galioto v Lakeside Hosp.,* 123 AD2d 421). And the intervention of a third party between a defendant's causal connection and a plaintiff's injury does not necessarily sever the causal connection *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315).

Summary judgment was not warranted in light of the unresolved questions with respect to the time and manner of the City's handling of the garbage can and with respect to its causal character in relation to the accident. Concur—Carro, J. P., Ellerin, Wallach and Nardelli, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Lerner, J.