■ MARVIN WINTER et al., Appellants, v CITY OF NEW YORK, Respondent. [617 NYS2d 833] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judg-

ment of the Supreme Court, Kings County (Garry, J.), dated November 30, 1992, which, upon a jury verdict in favor of the defendant on the issue of liability, dismissed the complaint.

Ordered that the judgment is affirmed, with costs.

The plaintiff was allegedly injured when he was struck by another skater while ice skating at the defendant's ice-skating rink. At the trial, the plaintiff argued that the defendant had been negligent in failing to provide adequate supervision at the rink. However, during the request to charge conference, the court indicated that it appeared that the plaintiff had failed to establish his "inadequate supervision" claim and that the court would entertain the defendant's trial motion to dismiss the complaint. Thereafter, the plaintiffs' counsel agreed to present the case to the jury under a "constructive notice of a dangerous condition" theory, and the jury returned a verdict in favor of the defendant.

The plaintiffs' contention that he was denied a fair trial because the court coerced him into abandoning his "inadequate supervision" theory by indicating that it would entertain the defendant's motion to dismiss is without merit. Upon review of the record, we agree with the court's finding that the plaintiff failed to establish his theory of "inadequate supervision" as a matter of law. The proof adduced at trial showed that the plaintiff suffered injuries as a result of being knocked down by an unknown skater. Where, as here, a skater is struck by the sudden and abrupt action of an unknown skater whose action could not have been anticipated or avoided by the most intensive supervision, the skating rink bears no liability for failure to supervise (see, Baker v Eastman Kodak Co., 28 NY2d 636; Blashka v South Shore Skating, 193 AD2d 772; Bua v South Shore Skating, 193 AD2d 774). Sullivan, J. P., Balletta, Lawrence and Florio, JJ., concur.