■ ROBERT SHORTEN et al., Respondents, v CITY OF WHITE PLAINS, Appellant. [637 NYS2d 791] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Westchester County (Ingrassia, J.), entered November 11, 1994, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The plaintiff Janet Shorten was injured while ice skating on a rink owned by the defendant, allegedly when an unknown skater pushed her down. She commenced this action against the defendant based in part on a claim that the defendant was negligent in its supervision of the skaters. At a hearing held pursuant to General Municipal Law § 50-h, the plaintiff testified that she had observed a group of teenage boys skating recklessly, "darting in and out" of the crowd, for about an hour prior to her accident. She said the boy who pushed her down was particularly aggressive, and she saw him nearly knock down another skater minutes before her accident. The defendant moved for summary judgment on the ground that the plaintiff assumed the risk of her injury by continuing to skate in the presence of a known and obvious risk.

We conclude that the Supreme Court properly denied the defendant's motion. Generally, a defendant may not be held liable for breach of its duty to supervise a recreational area where the injury is caused by " 'the dangers inherent in the sport so far as they are obvious and necessary' " (Heard v City of New York, 82 NY2d 66, 71) and where the injury could not have been prevented by even the most intensive supervision (see, e.g., Baker v Eastman Kodak Co., 34 AD2d 886, affd 28 NY2d 636; Winter v City of New York, 208 AD2d 827). Here, however, the defendant failed to establish its freedom from liability as a matter of law in light of the evidence presented by the plaintiffs that the injury was not caused by a sudden collision common to this sport but was due to the reckless actions of another skater which the defendant, by adequate supervision, could have prevented (see, e.g., Fritz v City of Buffalo, 277 NY 710; Trainor v Oasis Roller World, 168 AD2d 235; Bloom v Dalu Corp., 269 App Div 192). Rosenblatt, J. P., O'Brien, Pizzuto and Goldstein, JJ., concur.