■ JADIRA NUNEZ et al., Appellants, v RECREATION ROOMS AND SETTLEMENT, INC., et al., Respondents, et al., Defendants. [645 NYS2d 789] —Order, Supreme Court, New York County (Charles Ramos, J.), entered November 9, 1995, which granted defendant Midtown Skating Corporation's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion denied, and the complaint is reinstated.

The infant plaintiff was nine years old when she fell and fractured her arm at a skating rink owned by the defendant. At her examination before trial, she testified that it was her first time skating, and she had been on the ice holding the railing for a few minutes when she saw some other children pushing and playing around. She said she saw one skater fall, and as she turned to skate away from the commotion, she let go of the railing and fell. Plaintiff admitted that no other skater had touched her, and she stated that she fell because she did not know how to skate. The complaint alleges that Midtown breached the duty to supervise its skating rink, that it was on notice of the rowdy skaters at the time of the accident and that it should have taken action to control them.

Midtown moved for summary judgment arguing that plaintiff's fall was occasioned by her admitted inability to skate, not its failure to provide adequate supervision. The trial court granted defendant's motion, concluding that there were no outstanding material factual issues precluding summary dismissal. We disagree.

Viewing the complaint and its supporting documents in the light most favorable to the opponent of the motion, summary

disposition was not warranted. As the owner of an ice skating rink, Midtown had a duty to exercise care to make the rink as safe as it appeared to its patrons (*Turcotte v Fell*, 68 NY2d 432, 438-439; *Cardoza v Village of Freeport*, 205 AD2d 571). Though not liable for hazards which are foreseeable consequences of participation in the sport (*see, Heard v City of New York*, 82 NY2d 66, 71; *Winter v City of New York*, 208 AD2d 827), Midtown has a duty to control the reckless conduct of skaters on its premises where it is aware of the conduct, where the risk posed by the conduct is either "unassumed, concealed or unreasonably increased" and where the risk could have been mitigated or prevented through adequate supervision (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658; *Trainor v Oasis Roller World*, 168 AD2d 235; *cf., Bua v South Shore Skating*, 193 AD2d 774).

The instant record presents outstanding factual issues as to the nature and duration of the unruly behavior on the ice, Midtown's actual or constructive knowledge thereof and whether plaintiff, a nine year old skater, took part in the skating despite an appreciated risk of injury (*Shorten v City of White Plains*, 224 AD2d 515; *cf., Dillard v Little League Baseball*, 55 AD2d 477, 480), all of which preclude summary dismissal. Since there can be more than one proximate cause of an accident (*see, Mohammed v City of New York*, 205 AD2d 415, 416), and New York's comparative negligence statute allows for consideration of plaintiff's culpability in determining liability and apportioning damages (CPLR 1411), plaintiff's admission that she did not know how to skate does not preclude a finding that Midtown is also liable for her injuries (*Henig v Hofstra Univ.*, 160 AD2d 761). Concur—Sullivan, J. P., Rosenberger, Ellerin and Mazzarelli, JJ.