ROBIN E. WILLIAMS et al., Respondents, v SKATE KEY, INC., Respondent and Third-Party Plaintiff-Respondent. WNYC TV FOUNDATION, Third-Party Defendant-Appellant, et al., Third-Party Defendant. [659 NYS2d 741] —Orders, Supreme Court, Bronx County (Howard Silver, J.), entered March 22, 1996, which, insofar as appealed from, denied third-party defendant's cross motion for summary judgment dismissing the third-party complaint, unanimously affirmed, without costs.

Issues of fact are presented as to the nature and duration of the unruly behavior on the skating rink, third-party defendant sponsor's knowledge thereof and third-party defendant's failure to supervise the "shout-out", including the manner in which it announced the event, and in light of representations to third-party plaintiff skating rink owner that it would be in control and would coordinate security, its failure to cordon off the area where the event was to take place, to warn the crowd not to act in an unruly manner or to give the other skaters time to get off the rink before starting the event (*see, Nunez v Recreation Rooms & Settlement*, 229 AD2d 359). Third-party defendant's claim that, as a matter of law, plaintiff was injured in an occurrence that is common on skating rinks and therefore assumed the risk is without merit, there being evidence that plaintiff's injury was caused not by a sudden unanticipated collision common to this sport but rather by the reckless actions of another skater that might have been foreseen and prevented by adequate supervision (*see, Shorten v City of White Plains*, 224 AD2d 515). Concur—Milonas, J. P., Ellerin, Nardelli, Williams and Mazzarelli, JJ.