■ SYDNEY J. CHASE, Respondent, v JULIUS J. SCAVUZZO et al., Appellants. [672 NYS2d 805] —In an action, *inter alia,* to recover attorney's fees, the defendants appeal from an order of the Supreme Court, Nassau County (Roberto, J.), dated June 23, 1997, which denied their motion to dismiss the complaint pursuant to 22 NYCRR 691.10 (b), or, in the alternative, to restore the case to the trial calendar.

Ordered that the order is affirmed, without costs or disbursements.

We agree with the Supreme Court that the action was not barred by 22 NYCRR 691.10 (b).

Furthermore, under these circumstances where the defendants failed to offer a valid excuse for their failure to appear for trial on April 2, 1997, the Supreme Court did not improvidently exercise its discretion in denying the defendants' alternative relief of restoring the case to the trial calendar (*see, Green v Dolphy Constr. Co.,* 187 AD2d 635; *Putney v Pearlman,* 203 AD2d 333). O'Brien, J. P., Thompson, Friedmann and Goldstein, JJ., concur.

■ KATHERINE CONRAD et al., Respondents, v UNITED SKATES OF AMERICA, INC., Appellant. [672 NYS2d 806] —In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Nassau County (DeMaro, J.), dated June 16, 1997, which denied its motion for summary judgment.

Ordered that the order is affirmed, with costs.

The defendant failed to establish as a matter of law that the accident was caused by a sudden collision common to skating, and not by the reckless actions of another skater which the defendant, by adequate supervision, could have prevented (*see, Fritz v City of Buffalo,* 277 NY 710; *Nunez v Recreation Rooms & Settlement,* 229 AD2d 359; *Shorten v City of White Plains,* 224 AD2d 515). The Supreme Court therefore properly denied the defendant's motion for summary judgment. Miller, J. P., Sullivan, Friedmann and Luciano, JJ., concur.