■ RAFAEL VEGA, Respondent, v COUNTY OF WESTCHESTER, Appellant. [724 NYS2d 72] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Nastasi, J.), entered June 19, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

As the plaintiff, an intermediate-level ice skater, attempted to exit the defendant's rink, he allegedly was injured when he avoided a collision with five other skaters who cut in front of him. The five skaters were holding hands in violation of the rink rule permitting only two people to skate together, and the plaintiff had observed them violating that rule at other times on that day. The defendant moved for summary judgment dismissing the complaint, arguing that the plaintiff had assumed the risk of injury. The Supreme Court denied the motion.

The plaintiff, as a voluntary participant in the sport of ice skating at the defendant's rink, assumed the risk of a sudden collision with other skaters (*see, Surdi v Roco Realty Co.,* 272

AD2d 393; *Zambrana v City of New York,* 262 AD2d 87, *affd* 94 NY2d 887; *Kleiner v Commack Roller Rink,* 201 AD2d 462). Moreover, even though the five other skaters violated a rink rule, there is no evidence that their conduct was reckless or that they acted intentionally to harm the plaintiff. Therefore, that conduct did not constitute an exception to the doctrine of assumption of the risk *(see, Barton v Hapeman,* 251 AD2d 1052; *Napoli v Mount Alvernia,* 239 AD2d 325; *cf., Williams v Skate Key,* 240 AD2d 277; *Nunez v Recreation Rooms & Settlement,* 229 AD2d 359; *Shorten v City of White Plains,* 224 AD2d 515), and the defendant's motion should have been granted. Ritter, J. P., Krausman, Florio and Feuerstein, JJ., concur.