■ SYLVIA D. BLEYER et al., Appellants, v RECREATIONAL MANAGEMENT SERVICE CORP. et al., Respondents. [735 NYS2d 616] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1), as limited by their notice of appeal and brief, from so much of an order of the Supreme Court, Rockland County (Dillon, J.), dated October 17, 2000, as granted the defendants' motion for summary judgment dismiss-

ing the complaint, and (2) from a judgment of the same court, dated November 29, 2000, which, *inter alia*, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The injured plaintiff, an experienced ice skater, allegedly was injured while ice skating at a rink when an unknown skater bumped into her and caused her to fall. Voluntary participants in a sport or recreational activity "may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell,* 68 NY2d 432, 439; *see, Morgan v State of New York,* 90 NY2d 471, 484). Collisions between skaters are a common occurrence, and thus an inherent risk to ice skating (*see, Vega v County of Westchester,* 282 AD2d 738; *Kleiner v Commack Roller Rink,* 201 AD2d 462).

The defendants made a prima facie showing of entitlement to judgment as a matter of law by demonstrating that the injured plaintiff assumed the risk of being bumped by another skater. In opposition, the plaintiffs failed to raise a triable issue of fact (*see, Zambrana v City of New York,* 262 AD2d 87, *affd* 94 NY2d 887; *Engstrom v City of New York,* 270 AD2d 35; *Kleiner v Commack Roller Rink, supra; Taynor v Skate Grove,* 150 AD2d 362). Therefore, the defendants' motion for summary judgment dismissing the complaint was correctly granted.

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Santucci, Florio and Schmidt, JJ., concur.