■ Dieusel Gaspard, Respondent, v Board of Education of City of New York, Defendant, and Goodwill Industries of Greater New York & Northern New Jersey et al., Appellants. [850 NYS2d 550]—

In an action to recover damages for personal injuries, etc., the defendant Goodwill Industries of Greater New York & Northern New Jersey appeals, and the defendant GHR Operating Corp., also known as Empire Roller Skating Center, separately appeals, as limited by their respective briefs, from so much of an order of the Supreme Court, Kings County (Solomon, J.), dated September 20, 2006, as denied their respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs, and the respective motions of the defendants Goodwill Industries of Greater New York & Northern New Jersey and GHR Operating Corp., also known as Empire Roller Skating Center, for summary judgment dismissing the complaint insofar as asserted against them are granted.

The plaintiff's nine-year-old daughter Carline Gaspard (hereinafter Carline) slipped and fell at the Empire Roller Skating Center while participating in an after-school program sponsored by the defendant Goodwill Industries of Greater New York & Northern New Jersey, when she was "pushed from the side." The complaint alleged that the accident was proximately caused by negligent supervision on the part of the appellants, as well as overcrowding at the facility. The evidence submitted by the appellants in support of their respective motions for summary judgment dismissing the complaint insofar as asserted against them, including Carline's deposition testimony, established, prima facie, that the accident was not proximately caused by negligent supervision (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Under these circumstances, where the accident occurred as a result of a " 'sudden and abrupt action' " by unknown skaters which " 'could not have been . . . avoided by the most intense supervision,' " liability based upon negligent supervision cannot be imposed (*Taynor v Skate Grove at Lake Grove,* 150 AD2d 362, 362 [1989], quoting *Baker v Eastman Kodak Co.,* 34 AD2d 886, 886 [1970], *affd* 28 NY2d 636 [1971]). In addition, the deposition testimony of Chris Horne, the general manager of the facility on the day of the occurrence, established, prima facie, that the facility was not overcrowded at the time of the occurrence. In opposition to these showings,

the plaintiff failed to raise a triable issue of fact with respect to either issue (*see* CPLR 3212 [b]). Mastro, J.P., Santucci, Balkin and Dickerson, JJ., concur.