In an action to recover damages for personal injuries, the defendants Town of Oyster Bay and Syosset-Woodbury Community Park appeal from an order of the Supreme Court, Nassau County (Spinola, J.), entered November 20, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.
Ordered that the order is affirmed, with costs.
The plaintiff claims she was injured when she collided with another skater (hereinafter the skater) while ice skating at the Syosset-Woodbury Community Park Ice Rink (hereinafter the ice rink). The defendants Town of Oyster Bay and Syosset-Woodbury Community Park (hereinafter the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them, asserting that the plaintiff assumed the risk of collision by voluntarily skating at the ice rink. The Supreme Court denied their motion, finding that there were issues of fact as to whether the defendants negligently failed to supervise and control the skater. We affirm.
The defendants failed to establish their prima facie entitlement to summary judgment as the evidence indicated that one of the “rink guards” acknowledged the skater’s inappropriate behavior after the skater collided with another skater’s child. *551 The evidence further indicated that the skater persisted in skating in the opposite direction from the other skaters and otherwise skated recklessly before he eventually collided with the plaintiff. Under the circumstances, the defendants failed to establish that the accident was precipitáted by a sudden collision common to skating and not by reckless actions of the skater which the defendants could have prevented by exercising adequate supervision at the skating rink (see Fritz v City of Buffalo, 277 NY 710 [1938]; Bailan v Arena Mgt. Group, LLC, 41 AD3d 1015, 1016 [2007]; Conrad v United Skates of Am., 251 AD2d 281 [1998]; Shorten v City of White Plains, 224 AD2d 515 [1996]; Bloom v Dalu Corp., 269 App Div 192, 193 [1945]). Lifson, J.P., Santucci, Balkin and Belen, JJ., concur.