Thirteen-year-old plaintiff Joseph Sanchez was injured while roller skating on a trip sponsored by defendant. The record shows that Joseph was told by his father, plaintiff Jose Sanchez, that he did not want him going on the trip because Joseph had previously broken his arm. The dispute as to whether Jose consented for Joseph to go roller skating does not preclude summary judgment, nor is it dispositive that defendant transported Joseph to the rink and paid for his skates. Assuming the issue *563 of consent is resolved in plaintiffs’ favor, defendant’s actions simply “set[ ] the occasion” for or “ facilitate [d]” the accident, as opposed to proximately causing it (Lee v New York City Hous. Auth., 25 AD3d 214, 219 [1st Dept 2005], lv denied 6 NY3d 708 [2006]). Plaintiffs have shown no causal connection between defendant’s alleged negligent supervision and the occurrence of the accident, because without any specific allegations as to what precipitated Joseph’s fall, plaintiffs’ claim that defendant proximately caused his injury due to negligent supervision as he was roller skating is speculative (see Acunia v New York City Dept. of Educ., 68 AD3d 631, 632 [1st Dept 2009]).
Moreover, there is no evidence as to how defendant’s alleged lack of supervision increased the obvious risk associated with roller skating. Joseph testified that the rink was not overly crowded, no one was near him prior to his fall, and he fell while trying to stop (see Fintzi v New Jersey YMHA-YWHA Camps, 97 NY2d 669, 670 [2001]; Gaspard v Board of Educ. of City of N.Y., 47 AD3d 758 [2d Dept 2008]).
Inasmuch as we are reversing we need not reach the other issue raised by defendant. Concur — Tom, J.P, Mazzarelli, Andrias, DeGrasse and Román, JJ.