■ Cici Fader et al., Appellants, v Town of Oyster Bay et al., Respondents. [978 NYS2d 877]—

Those charged with supervising a skating rink cannot be held liable for an injury if the act precipitating the injury was so sudden that no amount of supervision could have averted the accident (*see Winkler v County of Nassau*, 56 AD3d 550, 550-551 [2008]; *Gaspard v Board of Educ. of City of N.Y.*, 47 AD3d 758, 759 [2008]; *Tassielli v United Skates of Am., Inc.*, 33 AD3d 908 [2006]; *Shamelashvili v City of New York*, 262 AD2d 631 [1999]; *Shorten v City of White Plains*, 224 AD2d 515 [1996]; *Blashka v South Shore Skating*, 193 AD2d 772, 773 [1993]). Thus, where reckless behavior that is over and above the usual dangers inherent in the activity of skating is claimed to have caused the injury, the issue of whether the proprietor was negligent in supervising the skaters turns on whether the proprietor had sufficient notice of the allegedly reckless conduct so as to permit it to prevent the injury through the exercise of adequate supervision (*see Zambrana v City of New York*, 94 NY2d 887, 888 [2000]). The duration and nature of the allegedly reckless conduct are factors that bear on this issue (*see Winkler v County of Nassau*, 56 AD3d at 550-551; *Williams v Skate Key*, 240 AD2d 277 [1997]; *Shorten v City of White Plains*, 224 AD2d 515 [1996]; *Nunez v Recreation Rooms & Settlement*, 229 AD2d 359, 360 [1996]).

Here, the defendants failed to establish, prima facie, their entitlement to judgment as a matter of law. The defendants' submissions failed to establish that the accident was precipitated by a sudden collision common to skating and not by reckless actions of another skater which the defendants could have prevented by exercising adequate supervision at the skating rink (*see Winkler v County of Nassau*, 56 AD3d at 550-551; *Shorten v City of White Plains*, 224 AD2d 515 [1996]). Since the defendants did not establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the defendants' motion for summary judgment without considering the sufficiency of the plaintiffs' opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Balkin, J.P., Lott, Austin and Miller, JJ., concur.