■ ALLA KATS-KAGAN, Appellant, v CITY OF NEW YORK et al., Respondents. [985 NYS2d 626]—

In a consolidated action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Velasquez, J.), dated March 9, 2012, as granted those branches of the separate motions of the defendant Prospect Park Alliance, Inc., and the defendant City of New York which were for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendant City of New York which was for summary judgment dismissing the complaint insofar as asserted against it, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant City of New York, and one bill of costs to the defendant Prospect Park Alliance, Inc., payable by the plaintiff.

The plaintiff, an experienced ice skater, allegedly was injured while ice skating at a rink owned by the defendant City of New York. She testified at her deposition that a uniformed employee, who was skating around the rink in the wrong direction in a "zigzag," suddenly made a "loop" and extended his leg, bringing his skate into contact with the front of the plaintiff's left leg, causing her to trip and fall.

Voluntary participants in a sport or recreational activity "may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (*Turcotte v Fell*, 68 NY2d 432, 439 [1986]; *see Morgan v State of New York*, 90 NY2d 471, 484 [1997]). Although collisions between skaters are a common occurrence, and thus an inherent risk to ice skating (*see Bleyer v Recreational Mgt. Serv. Corp.*, 289 AD2d 519 [2001]; *Vega v County of Westchester*, 282 AD2d 738 [2001]; *Kleiner v*

*Commack Roller Rink*, 201 AD2d 462 [1994]), "participants do not consent to acts which are reckless or intentional" (*Turcotte v Fell*, 68 NY2d at 439, citing *McGee v Board of Educ. of City of N.Y.*, 16 AD2d 99 [1962]), or to any "unassumed, concealed or unreasonably increased risks" (*Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658 [1989]).

Here, the evidence submitted by the City in support of its motion failed to establish as a matter of law that the injury-causing event was a known, apparent, or reasonably foreseeable consequence of the plaintiff's participation in the sport. The City's submissions raised questions of fact as to whether the conduct of its employee, the skating guard who allegedly caused the plaintiff's accident, was reckless or intentional and unreasonably increased the risk of a collision (*see id.*; *Turcotte v Fell*, 68 NY2d at 439; *see also Winkler v County of Nassau*, 56 AD3d 550 [2008]; *Shorten v City of White Plains*, 224 AD2d 515 [1996]). Since the City failed to meet its prima facie burden, it is unnecessary to consider the sufficiency of the plaintiff's opposing papers (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Accordingly, the Supreme Court should have denied that branch of the City's motion which was for summary judgment dismissing the complaint insofar as asserted against it.

However, the defendant Prospect Park Alliance, Inc. (hereinafter the Alliance), which had, inter alia, a license with the City to operate a concession stand and a skate rental service at the rink, was properly awarded judgment as a matter of law. The Alliance established, prima facie, that it did not employ any of the individuals allegedly involved in the accident and was not responsible for maintaining or supervising the ice rink (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d at 324). Dillon, J.P., Hall, Austin and Duffy, JJ., concur.