# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1215**
**CA 16-00496**
PRESENT: SMITH, J.P., LINDLEY, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.

---

JAMIE LEE RODRIGUEZ AND ERIC RODRIGUEZ, JR.,
INDIVIDUALLY AND AS PARENTS AND NATURAL
GUARDIANS OF ERIC RODRIGUEZ, III, INFANT,
PLAINTIFFS-RESPONDENTS,

V                                        MEMORANDUM AND ORDER

DYNASTY MAINTENANCE CREW, LLC, ET AL.,
DEFENDANTS,
AND JOVINO PROPERTY AND FINANCIAL MANAGEMENT,
DEFENDANT-APPELLANT.

---

RUPP BAASE PFALZGRAF CUNNINGHAM LLC, BUFFALO (LUISA JOHNSON OF
COUNSEL), FOR DEFENDANT-APPELLANT.

---------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Erie County (Timothy
J. Drury, J.), entered October 19, 2015.  The order denied the motion
of defendant Jovino Property and Financial Management for summary
judgment and for sanctions.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by granting that part of the motion
seeking summary judgment dismissing the complaint against defendant
Jovino Property and Financial Management, and as modified the order is
affirmed without costs.

Memorandum:  Plaintiffs commenced this action to recover damages
for burn injuries sustained by their son, who was involved in an
accident near a fire pit at a family gathering.  Jovino Property and
Financial Management (defendant) appeals from an order denying its
motion for summary judgment dismissing the complaint against it and
for the imposition of sanctions and costs against plaintiffs and/or
their counsel for their failure to discontinue the action against it.
We conclude that Supreme Court erred insofar as it denied that part of
the motion seeking summary judgment dismissing the complaint against
defendant, and we modify the order accordingly.

We conclude that defendant met its burden on the motion of
establishing as a matter of law that it did not employ the individual
who allegedly caused the accident, defendant DeParis R. Vives, and
that plaintiffs failed to raise a triable issue of fact (*see Kats-
Kagan v City of New York*, 117 AD3d 686, 687; *Berger v Dykstra*, 203
AD2d 754, 755, *lv dismissed* 84 NY2d 965; *see generally Kavanaugh v
Nussbaum*, 71 NY2d 535, 546).  Defendant further established as a

matter of law that it did not manage the property on which the accident occurred, and plaintiffs failed to raise a triable issue of fact on that point as well (*see Reynolds v Avon Grove Props*., 129 AD3d 932, 933). Finally, we see no basis in the record for the imposition of liability against defendant as the alleged owner of the vehicle from which Vives allegedly unloaded a certain gas can prior to the incident (*see generally* Vehicle and Traffic Law § 388 [1]). The record establishes as a matter of law that the van and the gas can were owned by Vives or his company, defendant Dynasty Maintenance Crew, LLC, and not by defendant. We thus agree with defendant that it cannot be held liable to plaintiffs because, as a matter of law, it had nothing to do with the property, the van, the gasoline, or the fire, and because it did not employ Vives.

We nevertheless further conclude that the court did not abuse its discretion in denying defendant's request for the imposition of sanctions against plaintiffs and/or their counsel (*see* 22 NYCRR 130-1.1 [a]; *Kern v City of Rochester* [appeal No. 1], 267 AD2d 1026, 1026; *Scaccia v MacCurdy*, 239 AD2d 942, 942; *see also* CPLR 8303-a [a]; *Leonard v Reinhardt*, 20 AD3d 510, 511; *Lavin & Kleiman v J.M. Heinike Assocs.*, 221 AD2d 919, 919).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court