Appeal from an order of the Supreme Court, Erie County (Timothy J. Drury, J.), entered October 19, 2015. The order denied the motion of defendant Jovino Property and Financial Management for summary judgment and for sanctions.
It is hereby ordered that the order so appealed from is unanimously modified on the law by granting that part of the motion seeking summary judgment dismissing the complaint against defendant Jovino Property and Financial Management, and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this action to recover damages for burn injuries sustained by their son, who was involved in an accident near a fire pit at a family gathering. Jovino Property and Financial Management (defendant) appeals from an order denying its motion for summary judgment dismissing the complaint against it and for the imposition of sanctions and costs against plaintiffs and/or their counsel for their failure to discontinue the action against it. We conclude that Supreme Court erred insofar as it denied that part of the motion seeking summary judgment dismissing the complaint against defendant, and we modify the order accordingly.
We conclude that defendant met its burden on the motion of establishing as a matter of law that it did not employ the individual who allegedly caused the accident, defendant *1603 DeParis R. Vives, and that plaintiffs failed to raise a triable issue of fact (see Kats-Kagan v City of New York, 117 AD3d 686, 687 [2014]; Berger v Dykstra, 203 AD2d 754, 755 [1994], lv dismissed 84 NY2d 965 [1994]; see generally Kavanaugh v Nussbaum, 71 NY2d 535, 546 [1988]). Defendant further established as a matter of law that it did not manage the property on which the accident occurred, and plaintiffs failed to raise a triable issue of fact on that point as well (see Reynolds v Avon Grove Props., 129 AD3d 932, 933 [2015]). Finally, we see no basis in the record for the imposition of liability against defendant as the alleged owner of the vehicle from which Vives allegedly unloaded a certain gas can prior to the incident (see generally Vehicle and Traffic Law § 388 [1]). The record establishes as a matter of law that the van and the gas can were owned by Vives or his company, defendant Dynasty Maintenance Crew, LLC, and not by defendant. We thus agree with defendant that it cannot be held liable to plaintiffs because, as a matter of law, it had nothing to do with the property, the van, the gasoline, or the fire, and because it did not employ Vives.
We nevertheless further conclude that the court did not abuse its discretion in denying defendant’s request for the imposition of sanctions against plaintiffs and/or their counsel (see 22 NYCRR 130-1.1 [a]; Kern v City of Rochester [appeal No. 1], 267 AD2d 1026, 1026 [1999]; Scaccia v MacCurdy, 239 AD2d 942, 942 [1997]; see also CPLR 8303-a [a]; Leonard v Reinhardt, 20 AD3d 510, 511 [2005]; Lavin & Kleiman v Heinike Assoc., 221 AD2d 919, 919 [1995]).
Present—Smith, J.P., Lindley, DeJoseph, NeMoyer and Troutman, JJ.