Laurent v Town of Oyster Bay (2018 NY Slip Op 05028)





Laurent v Town of Oyster Bay


2018 NY Slip Op 05028


Decided on July 5, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 5, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
FRANCESCA E. CONNOLLY, JJ.


2016-04178
 (Index No. 26510/09)

[*1]Beth Laurent, appellant, 
v
Town of Oyster Bay, respondent, et al., defendant.


Tracy, Stilwell & Parrinello, P.C., Staten Island, NY (John J. Tracy of counsel), for appellant.
Burns, Russo, Tamigi & Reardon, LLP (Milber Makris Plousadis & Seiden, LLP, Woodbury, NY [Peter F. Tamigi and Lorin Donnelly], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (R. Bruce Cozzens, Jr., J.), entered March 22, 2016. The order granted that branch of the motion of the defendant Town of Oyster Bay which was for summary judgment dismissing the complaint insofar as asserted against it.
ORDERED that the order is reversed, on the law, with costs, and that branch of the motion of the defendant Town of Oyster Bay which was for summary judgment dismissing the complaint insofar as asserted against it is denied.
The plaintiff alleges that, on December 29, 2008, she sustained injuries as a result of being pushed to the ice by an unruly skater at a skating rink owned and operated by the defendant Town of Oyster Bay (hereinafter the defendant). The defendant moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it. The Supreme Court granted that branch of the motion on the ground that the plaintiff assumed the risk of injury. The plaintiff appeals, and we reverse.
"Relieving an owner or operator of a sporting venue from liability for inherent risks of engaging in a sport is justified when a consenting participant is aware of the risks; has an appreciation of the nature of the risks; and voluntarily assumes the risks" (Morgan v State of New York, 90 NY2d 471, 484). "[B]y engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport" (id. at 484). A participant's appreciation of the risk is "assessed against the background of the skill and experience of the particular plaintiff" (Maddox v City of New York, 66 NY2d 270, 278). The defendant's duty is "to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, [the participant] has consented to them and defendant has performed its duty" (Turcotte v Fell, 68 NY2d 432, 439). Collisions between skaters are a common occurrence, and thus an inherent risk in the sport of ice skating (see Bleyer v Recreational Mgt. Serv. Corp., 289 AD2d 519, 520; Vega v County of Westchester, 282 AD2d 738).
Participants in sports or recreational activities "will not be deemed to have assumed [*2]. . . unreasonably increased risks" (Morgan v State of New York, 90 NY2d at 485). "Thus, where reckless behavior that is over and above the usual dangers inherent in the activity of skating is claimed to have caused the injury, the issue of whether the proprietor was negligent in supervising the skaters turns on whether the proprietor had sufficient notice of the allegedly reckless conduct so as to permit it to prevent the injury through the exercise of adequate supervision" (Fader v Town of Oyster Bay, 113 AD3d 725, 726; see Zambrana v City of New York, 94 NY2d 887, 888). "The duration and nature of the allegedly reckless conduct are factors that bear on this issue" (Fader v Town of Oyster Bay, 113 AD3d at 726; see Winkler v County of Nassau, 56 AD3d 550, 550-551).
Here, the defendant failed to establish, prima facie, that the action was barred by the doctrine of primary assumption of risk (see Fader v Town of Oyster Bay, 113 AD3d at 726; Winkler v County of Nassau, 56 AD3d at 550-551). The defendant's submissions failed to eliminate all triable issues of fact as to whether the risk was unreasonably increased by the defendant's alleged failure to properly supervise the skaters such that the doctrine of primary assumption of risk would not apply (cf. Miskanic v Roller Jam USA, Inc., 71 AD3d 1102, 1103; Murphy v Polytechnic Univ., 58 AD3d 816, 816-817; Muniz v Warwick School Dist., 293 AD2d 724).
Accordingly, the Supreme Court should have denied that branch of the defendant's motion which was for summary judgment dismissing the complaint insofar as asserted against it.
AUSTIN, J.P., ROMAN, MILLER and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court