Andriienko v Compass Group USA, Inc. (2019 NY Slip Op 05506)





Andriienko v Compass Group USA, Inc.


2019 NY Slip Op 05506


Decided on July 10, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 10, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
CHERYL E. CHAMBERS
LEONARD B. AUSTIN
COLLEEN D. DUFFY, JJ.


2017-04027
 (Index No. 501237/13)

[*1]Liubov Andriienko, appellant, 
v
Compass Group USA, Inc., et al., respondents.


William Pager, Brooklyn, NY, for appellant.
Gordon & Silber, P.C., New York, NY (Jon D. Lichtenstein of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Genine D. Edwards, J.), dated January 27, 2017. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendants' motion for summary judgment dismissing the complaint is denied.
The plaintiff, an experienced ice skater, commenced this action to recover damages for injuries she alleges she sustained when she was skating at an ice skating rink owned and operated by the defendants. The plaintiff alleged that she was pushed down on the ice by an unruly skater who had previously caused other skaters to fall. After discovery, the defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion finding, inter alia, that the plaintiff assumed the risks inherent in skating at an ice skating rink. The plaintiff appeals, and we reverse.
Voluntary participants in a sport or recreational activity "may be held to have consented, by their participation, to those injury-causing events which are known, apparent or reasonably foreseeable consequences of the participation" (Turcotte v Fell, 68 NY2d 432, 439; see Morgan v State of New York, 90 NY2d 471, 484). Although collisions between skaters are a common occurrence and are an inherent risk in the sport of ice skating (see Bleyer v Recreational Mgt. Serv. Corp., 289 AD2d 519, 520; Vega v County of Westchester, 282 AD2d 738), participants "do not consent to acts which are reckless or intentional" (Turcotte v Fell, 68 NY2d at 439), or to any "unassumed, concealed or unreasonably increased risks" (Benitez v New York City Bd. of Educ., 73 NY2d 650, 658; see Morgan v State of New York, 90 NY2d at 485). "Thus, where reckless behavior that is over and above the usual dangers inherent in the activity of skating is claimed to have caused the injury, the issue of whether the proprietor was negligent in supervising the skaters turns on whether the proprietor had sufficient notice of the allegedly reckless conduct so as to permit it to prevent the injury through the exercise of adequate supervision" (Fader v Town of Oyster Bay, 113 AD3d 725, 726; see Laurent v Town of Oyster Bay, 163 AD3d 544, 545). "The duration and nature of the allegedly reckless conduct are factors that bear on this issue" (Fader v Town of Oyster Bay, 113 AD3d at 726; see Winkler v County of Nassau, 56 AD3d 550, 550-551).
Here, the defendants failed to establish their prima facie entitlement to judgment as a matter of law. The defendants' submission failed to show that the accident was precipitated by a sudden collision common to skating which could not have been anticipated or prevented. The defendants submitted the deposition testimony of the plaintiff who testified, among other things, that, over the course of more than 20 minutes, two other skaters had been pushing each other, spinning, and skating against the flow of other skaters, which caused at least three other skaters to fall before the plaintiff was injured. Thus, the defendants failed to establish, prima facie, that the action was barred by the doctrine of primary assumption of risk (see Katz-Kagan v City of New York, 117 AD3d 686, 687; Winkler v County of Nassau, 56 AD3d at 550-551).
The defendants also failed to proffer admissible evidence to satisfy their prima facie burden of showing that summary judgment dismissing the complaint was appropriate insofar as asserted against the defendants RCP Associates, RCPI Landmark Properties, LLC, Tishman Speyer Properties, L.P., and Compass Group USA, Inc (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853). The affidavits submitted by these defendants were insufficient to show, prima facie, that these defendants did not owe a duty of care to the plaintiff since the affidavits were conclusory, did not identify the source of their conclusions regarding the corporate relationships and responsibilities, did not refer to or include any supporting documentation or files, did not state that they were based upon personal knowledge, and failed to supply duly authenticated copies of the relevant leases, contracts, and other documents (see Bartee v D & S Fire Protection Corp, 79 AD3d 508, 508). Since the defendants did not establish their prima facie entitlement to judgment as a matter of law, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint without considering the sufficiency of the plaintiff's opposing papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d at 853).
In light of our determination, we need not address the defendants' remaining contentions.
SCHEINKMAN, P.J., CHAMBERS, AUSTIN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court