◼ ADAM J. STEMMLER et al., Respondents-Appellants, v. STATE OF NEW YORK, Appellant-Respondent. (Claim No. 45866.) — HERLIHY, J. P. Appeal by the State and cross appeal by the claimants from a judgment of the Court of Claims, entered February 14, 1968, which awarded damages to the claimants. The claimant Helen Stemmler was skating on a roller skating rink on June 6, 1965 when she encountered a group of boys congregated near the railing of the rink and behaving in a boisterous manner. As she skated away from the rail to avoid the group, she was struck by one of the boys and fell, suffering injuries. The State contends that the record does not show that the boys had been congregated and acting in a boisterous manner for a sufficient length of time to support the finding of the trial court that the State provided inadequate supervision. If we were to assume *arguendo* that the present record supports a finding of negligence against the State, the claim would still be dismissed. The injured claimant failed to prove that her injuries resulted from a lack of proper supervision. She did not see the person that struck her. Her husband testified that one of the boys struck her in the back with his hand and caused the fall. There was no testimony that prior to the accident, the boys had been waving their hands and arms about in a manner which was likely to cause accidental injuries. Assuming the general behavior of the boys could be considered so boisterous as to require the State to have admonished them, it does not appear that the giving of such admonition would probably have prevented the present accident. To hold the State liable upon the present record would be tantamount to making it the insurer of patrons of the skating rink as to each other's negligent conduct. There must be some direct connection between the hazardous conduct of which the State had or should have had notice and the injury resulting therefrom. The claimants have not shown such a connection and, accordingly, they have not shown that the accident resulted from a failure of the State to exercise due care. (See *Pelkey* v. *Brennan*, 12 A D 2d 215, 217; *Bloom* v. *Dalu Corp.*, 269 App. Div. 192, 193.) This court has recently observed that participants in sporting events generally assume the risks of injury inherent in the nature of the sport but that such "an assumption of risk would not preclude a recovery for negligent acts which unduly enhance such risks" (*Hornstein* v. *State of New York*, 30 A D 2d 1012, 1013). That another participant in roller skating might strike the injured claimant was inherent in using the rink, and the claimants have not shown that the negligence, if any, of the State unduly

enhanced such risk upon the present record. Judgment reversed, on the law and the facts, and claim dismissed, without costs. Herlihy, J. P., Reynolds, Cooke and Greenblott, JJ., concur in memorandum by Herlihy, J. P.; Aulisi, J., not voting.