■ IVONNE LOPEZ et al., Respondents, v SKATE KEY, INC., et al., Appellants.—Order of the Supreme Court, Bronx County (H. McGee, J.), entered on December 12, 1990, which, *inter alia,* denied defendants' motions for summary judgment, unanimously reversed, on the law, the motions for summary judgment granted, and the complaint dismissed, without costs. The clerk is directed to enter judgment in favor of defendants dismissing plaintiffs' complaint.

This personal injury action arises from an accident at a roller-skating rink operated by defendant-appellant Skate Key, Inc. Plaintiff-respondent Ivonne Lopez accompanied her daughter on a roller-skating trip sponsored by the Girl Scout Council of Greater New York. Approximately 200 girl scouts took part in the trip. While plaintiff was standing in the rink in a group of skaters waiting to exit from the rink, she was struck from behind by an out-of-control skater and fell breaking her wrist. The identity of the other skater is unknown.

The Motion Court denied the motions for summary judgment holding that factual issues are present, including "the manner in which the accident occurred, the supervision of the event as provided by the two defendants, and the alleged congestion caused by the close proximity of the rental office to the rink." The Motion Court also granted that part of the motions which sought to dismiss the derivative claim of plaintiff's husband.

While we agree with the Motion Court's dismissal of the derivative claim, we disagree as to the existence of triable issues of fact.

Participants in sporting events are deemed as a matter of law to assume the known risks associated with the particular sport. *(Turcotte v Fell,* 68 NY2d 432; *Wertheim v United States Tennis Assn.,* 150 AD2d 157, *lv denied* 74 NY2d 613.) Collisions between roller skaters on a rink are unquestionably a common occurrence.

Plaintiff argues that because she was standing in a group waiting to exit, she should be treated more as a spectator than a participant, and that a factual question is presented whether the defendants took adequate precautions to protect spectators. We hold that on this record there is insufficient evidence of the existence of a dangerous condition for a sufficient period of time to put defendant on notice, and that the collision was a result of the " 'sudden and abrupt' " action of another skater *(Taynor v Skate Grove,* 150 AD2d 362), a risk assumed by plaintiff as a matter of law. *(See, Diderou v Pinecrest Dunes,* 34 AD2d 672.)* Concur—Murphy, P. J., Carro, Wallach and Rubin, JJ.