■ LEE FITZGERALD et al., Appellants, v EARL THOMPSON, Respondent.—In an action to recover damages for fraud, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County (Gurahian, J.), entered October 19, 1990, as granted that branch of the

defendant's cross motion which was to dismiss the action as barred by the Statute of Limitations.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs' cause of action accrued sometime in late 1984 in Georgia where the investment activity and the fraud which is the subject of the action allegedly occurred *(see, Knieriemen v Bache Halsey Stuart Shields,* 74 AD2d 290, 296, citing *Martin v Dierck Equip. Co.,* 43 NY2d 583). Inasmuch as none of the alleged defrauded investors claims to be a resident of New York, and Georgia has a four-year Statute of Limitations for a cause of action sounding in fraud, which is shorter than the six-year period of this State, we look to the law of Georgia to determine if the action would be time-barred (CPLR 202, 213 [8]; Georgia Code Annot § 9-3-31; *Quinn v Forsyth,* 116 Ga App 611, 158 SE2d 686; McLaughlin, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C202:3, at 108, citing *Isenberg v Ranier,* 145 App Div 256). We decline to follow *Knieriemen v Bache Halsey Stuart Shields (supra)* to the extent that it instructs a New York court to apply its own, longer period simply because Georgia, the State where the cause of action accrued, looks back to the law of the forum State in resolving Statute of Limitations questions *(see, O'Shields v Georgia Pac. Ry. Co.,* 83 Ga 621, 10 SE 268; *Baron Tube Co. v Transport Ins. Co.,* 365 F2d 858). Such an approach undermines the very purpose of CPLR 202, which is to prevent forum shopping, in cases arising in States which approach Statute of Limitations questions in this way *(see, Gorlin v Bond Richman & Co.,* 706 F Supp 236).

The plaintiffs had sufficient facts to discover the alleged fraud no later than October 1985. At that time, they retained a Georgia attorney to investigate what had become of their investments, because they had received partnership tax returns showing no profit, deductions, or tax credits, all of which had been allegedly promised to them by the defendant. Thus, even applying Georgia's tolling provision for concealment of the fraud *(see,* Georgia Code Annot § 9-3-96; *Babb v Cook,* 203 Ga App 437, 417 SE2d 63, 65, citing *Shipman v Horizon Corp.,* 245 Ga 808, 267 SE2d 244), the four-year period expired in October 1989. Thus, this action, commenced in or about May 1990, is time-barred. The plaintiffs have failed to demonstrate the existence of facts which might give rise to an estoppel under the circumstances of this case *(see, Doyon v Bascom,* 38 AD2d 645). Lawrence, J. P., Eiber, O'Brien and Copertino, JJ., concur.