■ LYNN ENGSTROM, Respondent, v CITY OF NEW YORK et al., Appellants. [704 NYS2d 224] —Order, Supreme Court, New York County (Louis York, J.), entered on or about December 7, 1998, which denied defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendants-appellants dismissing the complaint.

The complaint alleges that plaintiff sustained injury to her right wrist while skating at the Wollman Memorial Rink in Central Park on New Year's Day, 1997. In her examination before trial, plaintiff stated that the rink was crowded and the surface of the ice was in poor condition. She testified that she was waiting to exit the rink when she was "violently shoved from behind by two young male skaters" and that her skates "locked in place because of the defective ice condition." The complaint charges that defendants failed to exercise proper supervision of the skaters and were negligent in failing to maintain the ice in safe condition.

Supreme Court rejected defendants' arguments that they were without notice of the conduct of the unidentified skaters and that no reasonable amount of supervision would have prevented the sudden unforeseeable incident that caused plaintiff's injury. The court held that plaintiff had not assumed the risk posed by the defective ice surface and that questions of fact existed with respect to whether the condition of the ice contributed to her injury.

This matter is governed by our holding in *Lopez v Skate Key* (174 AD2d 534 [roller rink]), in which we held, on analogous facts, that "[c]ollisions between * * * skaters on a rink are unquestionably a common occurrence." As in *Lopez*, plaintiff was waiting to exit the rink when the collision occurred, and the collision was an abrupt and unanticipated event comprising part of the risk assumed (*supra*, at 535). As a general proposition, "by engaging in a sport or recreational activity, a participant consents to those commonly appreciated risks which are inherent in and arise out of the nature of the sport generally and flow from such participation" (*Morgan v State of New York*,

90 NY2d 471, 484). The owner of premises owes " 'a duty to exercise care to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty' " (*supra*, at 484, quoting *Turcotte v Fell*, 68 NY2d 432, 439). As indicated by plaintiff's testimony, she is an experienced skater, and the crowded conditions on the rink were apparent. In addition, the collision with the other skaters was a sudden precipitous event and "could not have been anticipated or avoided by the most intensive supervision" (*Baker v Eastman Kodak Co.*, 34 AD2d 886, *affd* 28 NY2d 636 [roller skating rink]; *see also, Winter v City of New York*, 208 AD2d 827). This Court has had recent occasion to apply the same principles to a case involving a collision at an ice skating rink (*Zambrana v City of New York*, 262 AD2d 87, *affd* 94 NY2d 887).

To the extent that the condition of the ice may have proximately contributed to plaintiff's injury, there is no evidence that defendants had notice of any alleged defect. Plaintiff did not complain to defendants about the condition of the ice surface. Nor does the record establish a necessary criterion to make out a prima facie case: either that defendants created the hazardous condition or that defendants had actual or constructive notice of the defective condition and failed to correct it (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838). Concur—Rosenberger, J. P., Williams, Rubin, Saxe and Buckley, JJ.