■ PAUL BERESWILL, Appellant, v NATIONAL BASKETBALL ASSOCIATION, INC., et al., Respondents. [719 NYS2d 231] —Order, Supreme Court, New York County (Harold Tompkins, J.), entered October 27, 1999, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, an award-winning photographer who has worked

for Newsday for more than 25 years, was taking photos from his usual spot near one of the corners of the basketball court at Madison Square Garden during a 1994 final round playoff game between the New York Knickerbockers and the Houston Rockets when he was hit and injured by then New York Knick Charles Oakley as Oakley dove out of bounds in pursuit of a loose ball.

In opposition to defendants' motion for summary judgment seeking dismissal of his negligence action, plaintiff argued that defendants' assumption of risk defense was without merit since he was neither a participant in nor a spectator of the game and was subject to an "inherent compulsion" to work despite his misgivings about overcrowding along the baselines, where photographers had been assigned spots on the floor, within 2 to 3 feet of the playing area. Plaintiff further argued that the National Basketball Association (NBA), Madison Square Garden, and the Knicks created new or enhanced risks that were not inherent to the sport by allowing conditions to become so crowded, as a result of the additional media personnel present for the championship series, that he was unable to get out of Oakley's way.

The IAS Court properly granted summary judgment. Even as a non-participant, plaintiff is subject to a defense based on the doctrine of assumed risk (see, Hernandez v Castle Hill Little League, 256 AD2d 241). With respect to his claim of "inherent compulsion," plaintiff failed to present "evidence in admissible form that he had no choice in the matter but to obey a superior's direction to continue notwithstanding the danger" (Maddox v City of New York, 66 NY2d 270, 279; see also, Benitez v New York City Bd. of Educ., 73 NY2d 650, 658-659).

Defendants did not enhance existing risks or create risks not inherent to the sport of professional basketball or to the taking of pictures at the games. Defendants' duty was "to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty" (Turcotte v Fell, 68 NY2d 432, 439, citing Prosser and Keeton, Torts § 68 [5th ed], and 4 Harper, James & Gray, Torts § 21.1 [2d ed]). Plaintiff testified he had taken photos at 400 to 500 basketball games at the Garden prior to the game during which he was hurt, had seen at least 40 to 50 instances of players leaving the court and landing in photographers' areas, and had been personally involved in 4 or 5 such incidents. Although plaintiff spoke to both NBA and Knick officials during the game and told them there were too many people in his general area,

he remained in his assigned spot, notwithstanding the availability of alternative media sections. It is clear, in light of plaintiff's experience and conduct, that any increased risks were obvious to him, and that he fully comprehended the circumstances and willingly assumed the risk of continuing to working from the courtside spot in which the complained of collision eventually took place.

We have considered plaintiff's remaining arguments and find them unavailing. Concur—Sullivan, P. J., Nardelli, Williams, Mazzarelli and Saxe, JJ.