■ LENNA REID et al., Respondents-Appellants, v STUART L. DRUCKMAN et al., Appellants-Respondents. [765 NYS2d 878] —Order, Supreme Court, Bronx County (Kenneth Thompson, J.), entered on or about April 16, 2003, which, in this legal malpractice action, denied defendants' motion for summary judgment dismissing the complaint and plaintiffs' cross motion for

summary judgment on the issue of liability, unanimously affirmed, without costs.

The summary judgment motions were properly denied since the record presents a triable issue as to whether plaintiff, in the underlying negligence action to recover for injuries sustained by her in an ice skating collision, would have prevailed but for the alleged legal malpractice of her attorneys, the present defendants. Although we have held that the risk of colliding with other ice skaters is inherent in rink skating, and, thus, that the risk is primarily assumed by one engaging in that activity (*Engstrom v City of New York*, 270 AD2d 35 [2000]; *Zambrana v City of New York*, 262 AD2d 87 [1999], *affd* 94 NY2d 887 [2000]; *Lopez v Skate Key*, 174 AD2d 534 [1991]), the risk assumed by a rink patron is not so broad as to encompass that of being bowled over by rink safety personnel acting in a reckless manner (*see Morgan v State of New York*, 90 NY2d 471, 484-485 [1997]), the scenario alleged in the underlying action. Accordingly, since the record discloses the existence of factual issues respecting the nature of the rink personnel's conduct and whether the risk posed by such conduct can be fairly said to have been encompassed in the risk assumed by plaintiff when she took to the ice, it cannot be concluded, as a matter of law, that plaintiff would not have prevailed in the underlying action and, thus, that she sustained no damages attributable to the alleged malpractice (*see Zarin v Reid & Priest*, 184 AD2d 385, 386 [1992]). Concur—Nardelli, J.P., Mazzarelli, Ellerin and Gonzalez, JJ.