■ FEDERICO PROCOPIO et al., Appellants, v TOWN OF SAUGER-TIES et al., Respondents. [799 NYS2d 316]—

Kane, J. Appeal from an order of the Supreme Court (Kavanagh, J.), entered January 27, 2005 in Ulster County, which granted defendants' motions for summary judgment dismissing the complaint.

While attending a baseball game sponsored by defendant American Legion Saugerties Post in the Town of Saugerties, Ulster County, in which his son was a participant, plaintiff Federico Procopio (hereinafter plaintiff) was struck in the head by a baseball. Plaintiff was standing at the concession stand ordering food when he was struck. The baseball had been thrown by a player warming up in a bullpen parallel to the field and facing the concession stand. The bullpen had a fence 8 feet 7 inches in height. Plaintiff and his wife, derivatively, commenced this action to recover for personal injuries related to this incident. Defendants each moved for summary judgment dismissing the complaint. Supreme Court granted the motions, leading plaintiffs to appeal.

Supreme Court correctly dismissed the action. The Court of Appeals explained that ball field owners are not the insurers of the safety of spectators, especially considering that there is almost always some risk of being struck by a ball regardless of the reasonable efforts taken by the owner (*see Akins v Glens Falls City School Dist.*, 53 NY2d 325, 329, 331 [1981]). "The doctrine of assumption of risk can apply not only to participants of sporting events, but to spectators and bystanders who are not actively engaged in watching the event at the time of their injury" (*Sutton v Eastern N.Y. Youth Soccer Assn., Inc.*, 8 AD3d 855, 857 [2004] [citation omitted] [father of soccer player struck while retrieving a sandwich from team tent behind goal line]; *see Sutfin v Scheuer*, 145 AD2d 946, 947-948 [1988], *affd* 74 NY2d 697 [1989]). "[W]here a proprietor of a ball park furnishes screening for the area of the field behind home plate where the danger of being struck by a ball is the greatest and that screening is of sufficient extent to provide adequate protection for as many spectators as may reasonably be expected to desire such seating . . . , the proprietor fulfills the duty of care imposed by law and, therefore, cannot be [held] liable in negligence" (*Akins v Glens Falls City School Dist., supra* at 331).* This Court

---

* Plaintiffs do not allege that the screening in the area behind home plate was inadequate.

recently found nothing in this rule "to require ballpark owners to install protective screening to shield spectators on their way to bathrooms, concession stands and parking lots" (*Wade-Keszey v Town of Niskayuna*, 4 AD3d 732, 734 [2004], *lv denied* 2 NY3d 708 [2004] [mother of baseball player struck by ball while walking to bathroom along baseline]; *see Sutton v Eastern N.Y. Youth Soccer Assn., Inc., supra* at 858-859). Contrary to plaintiffs' argument, there is no reason to distinguish this case merely because plaintiff had already reached the concession stand and was no longer en route. Accordingly, defendants were entitled to summary judgment dismissing the complaint.

Crew III, J.P., Spain, Mugglin, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with one bill of costs.