■ CHRISTINE NEWCOMB, Appellant, v GUPTILL HOLDING CORPORATION et al., Defendants, and RICHARD MARTINO, Respondent. [818 NYS2d 655]—

Kane, J. Appeal from an order of the Supreme Court (Williams, J.), entered March 31, 2005 in Saratoga County, which granted defendant Richard Martino's motion for summary judgment dismissing the complaint against him.

Defendant Richard Martino (hereinafter defendant) was roller-skating at Guptill's Arena when he tripped or lost his balance and fell. He fell through an opening that served as an entrance from the main skating rink into a practice rink, landing on plaintiff. Plaintiff commenced this action to recover damages for injuries she suffered as a result of this collision. Supreme Court granted defendant's motion for summary judgment dismissing the complaint against him. Plaintiff appeals.

Because plaintiff assumed the risk of injury, Supreme Court correctly granted defendant's summary judgment motion. Participants engaging in a sport or recreational activity are deemed to have assumed the commonly appreciated risks inherent in that activity (see *Morgan v State of New York*, 90 NY2d 471, 484 [1997]; see also *Clements v Skate 9H Realty*, 277 AD2d 614, 615 [2000]). Spectators and bystanders also assume risks associated with a sporting event or activity, even at times when they are not actively watching the event (see *Procopio v Town of Saugerties*, 20 AD3d 860, 860 [2005], *lv denied* 5 NY3d 716 [2005]; *Sutton v Eastern N.Y. Youth Soccer Assn., Inc.*, 8 AD3d 855, 857 [2004]). Although they assume inherent risks, neither participants nor spectators will be deemed to have assumed the risks of other people's reckless or intentional conduct (see *Morgan v State of New York, supra* at 485; *Sutton v Eastern N.Y. Youth Soccer Assn., Inc., supra* at 859; *Martin v Luther*, 227 AD2d 859, 860 [1996]). Collisions with other skaters are common and constitute an inherent risk participants assume when skating (see *Reid v Druckman*, 309 AD2d 669, 670 [2003]; *Zambrana v City of New York*, 262 AD2d 87, 87 [1999], *affd* 94 NY2d 887 [2000]; *Kleiner v Commack Roller Rink*, 201 AD2d 462 [1994]; *Lopez v Skate Key*, 174 AD2d 534 [1991]; *Stemmler v State of New York*, 32 AD2d 861, 861 [1969]).

Here, plaintiff had been skating at the rink, was taking a break in the practice rink area, was still wearing her roller blades and was standing only a few feet from the main rink in an area still used for skating. Even if, as she argues, she was no longer a participant, she was a spectator close enough to the activity to have assumed the inherent risks (*compare Lopez v Skate Key, supra*). Although defendant had not skated for 10 to 15 years prior to this collision, he had been skating for some time that evening in an acceptable manner and without incident. There is no evidence that he violated any rink rules

(*compare Vega v County of Westchester*, 282 AD2d 738, 739 [2001]). Plaintiff initially testified at her deposition that defendant was skating too fast, but she acknowledged that she only saw him in her peripheral vision a few seconds before the collision and acknowledged, "He wasn't going too fast which you are not supposed to do." While there was conflicting testimony regarding whether defendant simply lost his balance or fell while trying to avoid some children who cut in front of him, both scenarios constitute inherent risks of roller skating which plaintiff assumed (*compare Lopez v Skate Key, supra*). As no material factual issues exist, Supreme Court properly granted defendant's motion for summary judgment.

Mercure, J.P., Peters, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.