■ KAMILA TICHA, Appellant, v OTB JEANS et al., Respondents. [834 NYS2d 126]—

Order, Supreme Court, New York County (Marylin G. Diamond, J.), entered May 24, 2006, which, in an action for personal injuries by a videographer against sponsors of a dirt bike competition who had engaged plaintiff's employer to film the competition, granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff asserts that defendants' president asked her to film

a rider who was standing on the ramp on the other side of the field because he was wearing defendants' apparel, and, while doing so, she was hit by another rider who lost control of his bike. Plaintiff argues that she did not assume the risk of filming the far-off rider because he could only be filmed from the spot where she was standing and she was acting under the "inherent compulsion" of a specific instruction from her superior. The argument is contradicted by plaintiff's deposition testimony that she could not recall whether defendants' president told her to film the rider from the particular spot where she stood or whether she decided herself to continue standing there (*see Maddox v City of New York*, 66 NY2d 270, 279 [1985] [no basis to infer plaintiff acted under compulsion of unspoken order]). Even if plaintiff did recall an express order, there is no evidence that she complained to defendants' president about any danger or that he directed her to continue standing where she was despite dangers known by or communicated to him (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 659 [1989]; *Bereswill v National Basketball Assn.*, 279 AD2d 292 [2001]). Concur— Mazzarelli, J.P., Andrias, Friedman, McGuire and Malone, JJ.