■ SUSAN M. BALLAN, Respondent, v ARENA MANAGEMENT GROUP, LLC, et al., Appellants. [837 NYS2d 438]—

Cardona, P.J. Appeal from an order of the Supreme Court (Nolan, Jr., J.), entered November 8, 2006 in Saratoga County, which denied defendant's motion for summary judgment dismissing the complaint.

Plaintiff fell and broke her arm while ice skating at defendants' rink. According to her deposition testimony, about 200 skaters were participating in an open skating session that day, including a group of boys between the ages of 6 and 10, who she described as "unruly [and] unsupervised." She indicated that they were skating unsafely, ramming into each other and throw-

ing themselves on the ice to trip their friends. Plaintiff averred that after approximately two hours, as she was skating her last lap, one of the boys threw himself on the ice in front of her in an attempt to trip another boy, causing her to fall over him. Another skater, Elizabeth Blest, helped plaintiff off the ice. Both plaintiff and Blest claim that they saw no staff supervising the skaters during that day.

Plaintiff commenced this negligence action alleging that defendants breached their duty to supervise the rink and to take action to control the reckless conduct of skaters. Following discovery, defendants moved for summary judgment on the ground that the doctrine of assumption of risk bars plaintiff's recovery as a matter of law. Supreme Court denied the motion, finding triable issues of fact concerning whether defendants were negligent in their supervision and control of the participants in the open skating session.

We now affirm. An ice skater assumes the risk of accidentally colliding with other skaters in the rink (*see Newcomb v Guptill Holding Corp.*, 31 AD3d 875, 876 [2006]; *Reid v Druckman*, 309 AD2d 669, 670 [2003]). However, a skater does not assume the risks of other skaters' reckless or intentional conduct (*see Morgan v State of New York*, 90 NY2d 471, 485 [1997]; *Newcomb v Guptill Holding Corp.*, supra at 876; *Nunez v Recreation Rooms & Settlement*, 229 AD2d 359, 360 [1996]; *Shorten v City of White Plains*, 224 AD2d 515, 515 [1996]). Plaintiff's proof, considered in the light most favorable to her, raises questions of fact regarding whether defendants negligently failed to supervise and control the skaters on the day of her injury, thereby breaching their "duty to exercise care to make the conditions as safe as they appear to be" (*Morgan v State of New York, supra* at 484 [internal quotation marks omitted]; *compare Reid v Druckman, supra, Nunez v Recreation Rooms & Settlement, supra, and Shorten v City of White Plains, supra, with Newcomb v Guptill Holding Corp., supra, and Zambrana v City of New York*, 262 AD2d 87 [1999], *affd* 94 NY2d 887 [2000]). Additionally, factual questions exist regarding whether, under the circumstances, plaintiff assumed the risk of injury by electing to continue skating in the presence of the boys (*see Nunez v Recreation Rooms & Settlement, supra* at 360). Therefore, summary judgment was properly denied.

Mercure, Carpinello, Mugglin and Kane, JJ., concur. Ordered that the order is affirmed, with costs.