OPINION OF THE COURT
Duane A. Hart, J.
*219 This is a negligence action to recover for personal injuries that plaintiff suffered on August 24, 2004. Plaintiff alleges that during the course of his employment as a concession vendor at Shea Stadium, he was caused to fall when he was struck by a fan who was diving for a shirt that was launched into the stands by the defendant. The t-shirt launch was a promotional activity that occurred between innings and is common at many sporting events. Prior to the t-shirt launch an announcement over the loudspeakers was made that the t-shirt launch was about to begin. There were also security personnel present during the event.
A party moving for summary judgment must show by admissible evidence that there are no material issues of fact in controversy and that they are entitled to judgment as a matter of law (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Here, defendant has established its prima facie entitlement to judgment as a matter of law by showing that it did not breach any duty owed to the plaintiff based upon the doctrine of assumption of the risk of an open and obvious condition (see Honohan v Turrone, 297 AD2d 705 [2002]). The doctrine of assumption of the risk has an extensive application in cases involving attending sporting events (see Murphy v Steeplechase Amusement Co., 250 NY 479 [1929]; Akins v Glens Falls City School Dist., 53 NY2d 325 [1981]; Newcomb v Guptill Holding Corp., 31 AD3d 875 [2006]; Procopio v Town of Saugerties, 20 AD3d 860 [2005]; LaRocca v Pleasant Val. Little League, 15 AD3d 628 [2005]; Koenig v Town of Huntington, 10 AD3d 632 [2004]). Defendant’s duty was only “to make the conditions as safe as they appear to be. If the risks of the activity are fully comprehended or perfectly obvious, plaintiff has consented to them and defendant has performed its duty” (Turcotte v Fell, 68 NY2d 432, 439 [1986]). This duty is fulfilled by the providing of sufficient screening behind home plate, where the danger of being struck by a ball or bat is the greatest (see Akins, 53 NY2d at 331; Sparks v Sterling Doubleday Enters., 300 AD2d 467 [2002]). A spectator at a sporting event is deemed to have consented to those risks commonly appreciated which are inherent in and arise out of the nature of the event (see Morgan v State of New York, 90 NY2d 471 [1997]; Cannavale v City of New York, 257 AD2d 462 [1999]). Those risks include the fact that objects, like bats, balls, or t-shirts, may enter the stands. As a seasoned vendor who had been working at Shea Stadium and other sporting venues for years, and as indicated by his deposition *220 testimony, the plaintiff fully appreciated the risks that were associated with working in unprotected parts of the stadium.
In opposition, the plaintiff failed to raise a triable issue of fact. The plaintiff submitted his own affidavit along with the affidavits of other vendors concerning the parameters of the t-shirt launch. The plaintiff argues that the t-shirt launch is conducted between innings, is a promotional activity and is not a part of the game. This argument is without merit. The t-shirt launch, while not a part of the official game, is a part of the experience of attending a sporting event. The fact that it was a t-shirt rather than a baseball or bat that was being chased after when the accident occurred does not warrant denial of the motion. It is not disputed that the launching of t-shirts into the stands is a regular and customary part of many sporting events. The t-shirt launch is comparable to the tossing of a ball to the fans between innings, while not necessary to the playing of the ball game, it is a customary part of the experience of attending a sporting event (see Pira v Sterling Equities, Inc., 16 AD3d 396 [2005]). When a ball is tossed into the stands by a player many spectators rush toward the ball in hopes of getting a souvenir, just as what allegedly occurred here during the t-shirt launch. Similarly, fans often arrive prior to the start of the baseball game to attend batting practice, partly in hope of retrieving a baseball.
The plaintiffs reliance on Curran v CXR Holding, Inc. (NYLJ, Mar. 15, 2006, at 20, col 1 [Sup Ct, Nassau County, Brennan, J.]) in opposing the motion is misplaced. In Curran, the t-shirt launch that caused the accident occurred on the beach, rather than at a sporting event. A beachgoer is not a spectator at a sporting event and does not assume the risk of being struck by an object. There is no inherent risk of being struck by objects while at the beach, as opposed to the experience of being a spectator at a sporting event. In fact, the Curran court specifically distinguished the events of the case with a spectator at a sporting event. Furthermore, in Curran there was no warning prior to the launch of the t-shirt and there were no security officials present to monitor the event.
Plaintiff further argues that the assumption of the risk is not a defense in this case as he was subject to an inherent compulsion to work despite misgivings about the safety of the t-shirt launch. The plaintiff, however, failed to submit sufficient evidence to raise a triable issue of fact that he had no choice but to obey a superior’s orders despite the dangerous condition and *221 that there was an economic compulsion to comply with the directive (see Benitez v New York City Bd. of Educ., 73 NY2d 650 [1989]; Ticha v OTB Jeans, 39 AD3d 310 [2007]; Meli v Star Power Natl. Talent Co., 283 AD2d 617 [2001]; Bereswill v National Basketball Assn., 279 AD2d 292 [2001]).
Accordingly, the defendant’s motion for summary judgment is granted and the complaint is dismissed.