■ LARRY L. EATON II, Respondent, v MICHELLE KEYSER et al., Appellants. [862 NYS2d 640]—

Lahtinen, J. Appeal from an order of the Supreme Court (Mulvey, J.), entered January 9, 2008 in Tompkins County, which denied defendant's motion for summary judgment dismissing the complaint.

On January 27, 2004, plaintiff, while a passenger in a vehicle driven by his girlfriend, defendant Michelle Keyser, and owned by Keyser's parents, was seriously injured when they were involved in a single car accident in Tennessee. Following the accident, plaintiff remained for over two years in Tennessee with his father before returning to New York. He reportedly had several phone conversations with adjusters from defendants' insurer during which settlement was discussed and he was repeatedly assured that he had three years in which to bring an action. Plaintiff subsequently commenced this action on January 18, 2007 and defendants eventually moved for summary judgment dismissing the action as time-barred. Specifically, defendants asserted that plaintiff had become a Tennessee resident by the time of the accident and, under CPLR 202, he was required to commence the action within Tennessee's one-year statute of limitations. Supreme Court denied the motion and defendants appeal.

We affirm. CPLR 202 is intended to discourage forum shopping and, thus, while this state's statute of limitations governs a resident's action that accrues in another state, a nonresident's out-of-state action must be "timely under the applicable [s]tatute of [l]imitations of both New York and the other [s]tate" (*Antone v General Motors Corp., Buick Motor Div.*, 64 NY2d 20, 26 [1984]; *see Fitzgerald v Thompson*, 187 AD2d 557, 558 [1992]). Residency is a factual issue that "turns on whether [plaintiff] ha[d] a significant connection with some locality in the [s]tate as the result of living there for some length of time during the course of a year" (*Antone v General Motors Corp., Buick Motor Div.*, 64 NY2d at 30). In the current procedural posture, all proof is considered in the light most favorable to plaintiff (*see Ballan v Arena Mgt. Group, LLC*, 41 AD3d 1015, 1016 [2007]; *Natale v Woodcock*, 35 AD3d 1128, 1129 [2006]).

Plaintiff, who was 26 years old at the time of the accident, was born and raised in New York. He held a series of jobs in

this state, including one for five years that ended in 2003. According to his affidavit, his live-in girlfriend had been accepted at a college in the City of Albany for the fall 2003 semester and they had secured an apartment in Albany, but they did not move there since she was granted a deferment. Instead, in late November 2003, they commenced a trip to see other parts of the country during which they planned to consider whether to move to another area. He characterized the trip as "purely exploratory." He continued to receive mail at an address in New York and his personal belongings remained in New York. He stated that he did not seek employment in Tennessee while visiting his father and that the plan to continue with the trip to the west was derailed because of the accident. He explained that he provided his father's Tennessee address on his application for no-fault benefits because that was where he was located during an extended period of convalescence following the accident. At the time of the accident he had a New York identification card and no other identification card or license. His affidavit states that he was a resident of New York before and at the time of the accident and, while defendants produced some proof to the contrary, that proof does not establish as a matter of law that plaintiff was no longer a New York resident when the accident occurred.

Peters, J.P., Spain, Carpinello and Malone Jr., JJ., concur. Ordered that the order is affirmed, with costs.