# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**345**
**CA 11-01310**
PRESENT: CENTRA, J.P., LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

WILLIAM D. AUSTIN, PLAINTIFF-APPELLANT,

V                                                  MEMORANDUM AND ORDER

BUFFALO BILLS, INC., DEFENDANT-RESPONDENT.

---

CHIACCHIA & FLEMING, LLP, HAMBURG (ANDREW P. FLEMING OF COUNSEL), FOR PLAINTIFF-APPELLANT.

WALSH, ROBERTS & GRACE, BUFFALO (KEITH N. BOND OF COUNSEL), FOR DEFENDANT-RESPONDENT.

---

Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered March 1, 2011 in a personal injury action. The order granted defendant's motion for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted defendant's motion seeking summary judgment dismissing the complaint. Plaintiff was injured while working as a security guard during a home game of the Buffalo Bills football team. Plaintiff was positioned on the field near the end zone when two players left the field of play and collided with him. The court properly determined that plaintiff assumed the risk of his injury. Where, as here, the plaintiff fully comprehended the risks or the risks are " 'perfectly obvious, [then the] plaintiff has consented to them and [the] defendant has performed its duty' " (*Morgan v State of New York*, 90 NY2d 471, 484, quoting *Turcotte v Fell*, 68 NY2d 432, 439; *see Bereswill v National Basketball Assn.*, 279 AD2d 292, 293; *Cannavale v City of New York*, 257 AD2d 462, 462-463). Plaintiff's contention that he was under an inherent compulsion to assume the risk is raised for the first time on appeal and thus is not properly before us (*see Ciesinski v Town of Aurora*, 202 AD2d 984, 985). In any event, that contention is without merit (*see generally Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658-659).

Entered: March 16, 2012                          Frances E. Cafarell
                                                 Clerk of the Court