■ HILDA VALVERDE, Respondent, v GREAT EXPECTATIONS, LLC, et al., Defendants, and ANDREW JIMENEZ, Appellant. (And a Third-Party Action.) [15 NYS3d 329]—

Order, Supreme Court, New York County (Richard F. Braun, J.), entered March 21, 2014, which, insofar as appealed from, denied the motion of defendant Andrew Jimenez for summary judgment dismissing the complaint as against him, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment in favor of defendant Jimenez dismissing the complaint.

During a fund raising event, plaintiff, an employee of the Andrew Glover Youth (AGY) program, was injured while a passenger in an electric golf cart driven by Jimenez, a participant in the program since 2009. Jimenez, age 17, was going to drive plaintiff back from the clubhouse to the course where she had been assigned to monitor a par-three hole for any player that got a hole in one.

Plaintiff described the accident as follows. After traveling past "a small slope" the golf cart, which was moving very slowly, seemed to be lacking in power. Jimenez decided to return to the clubhouse to "recharge" it or get a new cart. After turning around, the golf cart began to gain speed. Plaintiff asked Jimenez to slow down or stop, but he continued. As the golf cart was going down a hill, Jimenez made a sharp left turn to go into the parking lot area at "full speed," which plaintiff estimated to be between 20 and 30 miles per hour, and plaintiff "flew out of the cart."

Jimenez established his entitlement to summary judgment based on the doctrine of assumption of risk.* A plaintiff who voluntarily participates in a sporting or recreational event generally is held to have consented to those commonly-appreciated risks that are inherent in, and arise out of, participation in the sport (*see Morgan v State of New York*, 90 NY2d 471 [1997]). "It is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (*Maddox v City of New York*, 66 NY2d 270, 278 [1985]). A nonparticipant may also be subject to a defense based on the doctrine of assumed risk (*see Bereswill v National Basketball Assn.*, 279 AD2d 292, 293 [1st Dept 2001]; *Cuesta v Immaculate Conception R.C. Church*, 168 AD2d 411 [2d Dept 1990] [umpire hit by thrown baseball]).

"[G]olfers . . . must be held to a common appreciation of the fact that there is a risk of injury from improperly used carts on a fairway which is inherent in and aris[es] out of the nature of the sport generally and flow[s] from participation in it" (*Brust v Town of Caroga*, 287 AD2d 923, 925 [3d Dept 2001] [internal quotation marks omitted]). Here, plaintiff knowingly and vol-

---

* In a related appeal, we affirmed the denial of the motion by the owner and manager of the golf course for summary judgment on the ground that they failed to make a prima facie showing that they neither created nor had actual or constructive notice of the alleged defective golf course path. No issues regarding the doctrine of assumption of risk were argued by the owner and manager in that appeal.

untarily rode in a golf cart operated by Jimenez, a 17-year-old participant in the AGY program, on a golf course, during a golf tournament in which she was assigned to monitor a par-three hole for any player that got a hole in one. While plaintiff contends that she did not know that Jimenez was an unlicensed driver, she knew that he was a minor yet made no attempt to determine whether he had a license or whether he should be operating a golf cart.

The fact that plaintiff was not actively performing her duties of monitoring the hole at the time of her injury does not render the doctrine inapplicable. "[T]he assumption [of risk] doctrine applies to any facet of the activity inherent in it" (*Maddox v City of New York*, 66 NY2d at 277 [internal quotation marks omitted]; *see also Litz v Clinton Cent. Sch. Dist.*, 126 AD3d 1306, 1308 [4th Dept 2015] ["it would be inconsistent with the purpose of the assumption of the risk doctrine to isolate the moment of injury and ignore the context of the accident"]). The salient point is that the accident involved a sporting or recreational activity that "occurred in a designated athletic or recreational venue" (*Custodi v Town of Amherst*, 20 NY3d 83, 88 [2012]).

Plaintiff's claim that she was under an "inherent compulsion" to assume the risk is without merit. The record is devoid of any evidence that plaintiff was required to ride as a passenger with Jimenez, that she complained to her employer about any danger of riding in the car with Jimenez driving, or that she received any assurance of safety or directive from her supervisor that could supplant her voluntariness (*see Maddox v City of New York*, 66 NY2d at 279; *Ticha v OTB Jeans*, 39 AD3d 310, 311 [1st Dept 2007]).

Plaintiff did not raise a triable issue of fact as to whether Jimenez's operation of the vehicle was so unique as to create a dangerous condition over and above the risk inherent in the subject activity. Concur—Friedman, J.P., Andrias, Saxe, Richter and Gische, JJ.