■ JIN CHUNG, Appellant, v JONATHAN P. LEHMANN et al., Respondents. [42 NYS3d 12]—

Order, Supreme Court, New York County (Robert D. Kalish, J.), entered on or about August 21, 2015, which granted so much of defendants' motion as sought summary judgment dismissing the complaint, unanimously affirmed, without costs.

Defendants established entitlement to judgment as a matter of law based on the doctrine of primary assumption of the risk. Defendants submitted evidence showing that plaintiff, an experienced watersports instructor, was injured when, while tubing behind defendants' boat on a 60-foot towrope and simultaneously filming a skilled wakeboarder pulled by the same boat from a 65-foot towrope, he fell from the tube when the boat allegedly turned sharply away from the approaching shoreline and another nearby boat, and as the boat crossed its own wake, plaintiff was propelled into the water where he was struck by the wakeboarder. Defendants' evidence showed that plaintiff's injuries arose from commonly appreciated risks inherent in the recreational activities in which he was engaged (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]).

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff's argument that the doctrine is inapplicable because the filming activity he was engaged in amounted to horseplay, as opposed to socially valuable recreation, is unavailing. Plaintiff assumed the risks of the watersports activity he was filming on the lake, which was a known venue for such recreational activity (*see Benitez v New York City Bd. of Educ.*, 73 NY2d 650, 658-659 [1989]; *Ticha v OTB Jeans*, 39 AD3d 310 [1st Dept 2007]).

Similarly unavailing is plaintiff's argument that even assuming the application of the doctrine of primary assumption of the risk, he could not be deemed to have assumed certain increased risks beyond those inherent in the recreational activity, including risks created by defendants' purported reckless conduct in operating the boat at a very fast speed, the sharp turning of the boat, the inadequate attention given to the individuals towed behind the boat, and the utilization of disparate towrope lengths at the same time (*see Morgan* at 485-486). These contentions are conclusory and otherwise unsupported by expert opinion. Concur—Mazzarelli, J.P., Sweeny, Andrias, Webber and Gesmer, JJ.