ANA F. LEE-CSOKE, Appellant, v MID-HUDSON CIVIC CENTER, INC., Doing Business as ICE TIME SPORTS COMPLEX, Respondent. [53 NYS3d 553]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Bartlett, J.), dated December 14, 2015, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff allegedly was injured while ice skating at the defendant's premises on rented skates when her ankle twisted causing her to slip and fall on the ice. Before the accident, the plaintiff had requested size 7½ skates at the rental counter but was informed that her size was not available and she was given larger size skates to try. Prior to entering the ice rink, the plaintiff noticed that the skates were large, heavy, and lacked support around her ankle. Nevertheless, she skated for 10 minutes before the skates became too uncomfortable and she slipped while exiting the rink. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. The defendants moved for summary judgment dismissing the complaint. The Supreme Court granted the motion.

The doctrine of primary assumption of risk precludes a voluntary participant in certain sporting events or recreational activities from recovering for those injuries that may foreseeably result from the realization of a risk inherent in the activity itself (*see Morgan v State of New York*, 90 NY2d 471, 484 [1997]; *Miskanic v Roller Jam USA, Inc.*, 71 AD3d 1102, 1103 [2010]; *Cotty v Town of Southampton*, 64 AD3d 251, 253-254 [2009]). The doctrine of primary assumption of the risk, however, will not serve as a bar to liability if the risk is unassumed, concealed, or unreasonably increased (*see Morgan v State of New York*, 90 NY2d at 484; *Ribaudo v La Salle Inst.*, 45 AD3d 556, 557 [2007]). Here, the defendant established, prima facie, that the action was barred by the doctrine of primary assumption of risk. In opposition, the plaintiff failed to

raise a triable issue of fact as to whether the risk was unreasonably increased so that the doctrine of primary assumption of risk would not apply (*see Morgan v State of New York*, 90 NY2d at 484; *see also Geffen v City of New York*, 271 AD2d 487, 487 [2000]; *Papakanakis v City of New York*, 229 AD2d 353 [1996]).

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.