Kannavos v Yung-Sam Ski, Ltd. (2020 NY Slip Op 05497)





Kannavos v Yung-Sam Ski, Ltd.


2020 NY Slip Op 05497


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
ROBERT J. MILLER, JJ.


2017-10518
 (Index No. 6201/16)

[*1]Spiros Kannavos, appellant,
v
Yung-Sam Ski, Ltd., etc., respondent.


Pollack Pollack Isaac & DeCicco, LLP, New York, NY (Brian J. Isaac and Jillian Rosen of counsel), for appellant.
Cheroutes Zweig, P.C., Hamburg, NY (Steven M. Zweig of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Orange County (Catherine M. Bartlett, J.), dated September 28, 2017. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
On February 17, 2016, the plaintiff, an advanced intermediate snowboarder, was holding his snowboard when he allegedly slipped and fell on ice after taking one or two steps off the snow into the gravel area at the base of a mountain. Prior to his accident, the plaintiff had completed two or three snowboarding runs.
The plaintiff commenced the instant action to recover damages for personal injuries against the defendant, the owner of Thunder Ridge Ski Area, where the plaintiff allegedly fell. After discovery, the defendant moved for summary judgment dismissing the complaint, contending that the plaintiff assumed the risk of injury from slipping on ice. The plaintiff opposed the motion, contending, inter alia, that he was not participating in a sporting event or recreational activity at the time he fell. The Supreme Court granted the defendant's motion. The plaintiff appeals, and we affirm.
Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Weinberger v Solomon Schechter Sch. of Westchester, 102 AD3d 675, 677). "As a result, participants may be held to have consented to those injury-prone risks that are known, apparent or reasonably foreseeable" (Custodi v Town of Amherst, 20 NY3d at 88 [internal quotation marks omitted]). "[W]hen a plaintiff assumes the risk of participating in a sporting event, the defendant is relieved of legal duty to the plaintiff; and being under no duty, he [or she] cannot be charged with negligence" (Cotty v Town of Southampton, 64 AD3d 251, 254 [internal quotation marks omitted]; see Turcotte v Fell, 68 NY2d 432, 438).
Here, the defendant established its prima facie entitlement to judgment as a matter of law on the basis of assumption of risk (see Valverde v Great Expectations, LLC, 131 AD3d 425, [*2]427; Litz v Clinton Cent. Sch. Dist., 126 AD3d 1306, 1308; Newcomb v Guptill Holding Corp., 31 AD3d 875, 876; Flowers v Hunter Mtn. Bowl., 303 AD2d 363, 363).
The accident involved a sporting or recreational activity that "occurred in a designated athletic or recreational venue" (Custodi v Town of Amherst, 20 NY3d at 88; Valverde v Great Expectations, LLC, 131 AD3d at 425 [internal quotation marks omitted]). Further, contrary to the plaintiff's contentions, we conclude that he was still "involved" or "participating" in the sport of snowboarding at the time of his alleged injury (Litz v Clinton Cent. Sch. Dist., 126 AD3d at 1308 [internal quotation marks omitted]; see Flowers v Hunter Mtn. Bowl, 303 AD2d at 363; cf. Hawkes v Catatonk Golf Club, 288 AD2d 528, 529). At his deposition, the plaintiff testified that at the time of the accident, he was taking a "break" from snowboarding. He testified that he had stepped off the snow and was holding his snowboard on the way to rack it when he slipped on "black ice." He further testified that storing a snowboard in the racks at the base of the mountain was part and parcel of the activity of snowboarding. "[I]t would be inconsistent with the purpose of the assumption of the risk doctrine to isolate the moment of injury and ignore the context of the accident" (Litz v Clinton Cent. Sch. Dist., 126 AD3d at 1308).
In opposition, the plaintiff failed to raise a triable issue of fact as to the existence of a dangerous condition over and above the usual dangers that are inherent in the sport of snowboarding (see Bukowski v Clarkson Univ., 19 NY3d 353, 357; Morgan v State of New York, 90 NY2d at 485).
The plaintiff's remaining contention is without merit.
Accordingly, we agree with the Supreme Court's determination granting the defendant's motion for summary judgment dismissing the complaint.
BALKIN, J.P., CHAMBERS, ROMAN and MILLER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court