Goulet v Pier 2 Roller Ring at Brooklyn Bridge Park (2021 NY Slip Op 04216)





Goulet v Pier 2 Roller Ring at Brooklyn Bridge Park


2021 NY Slip Op 04216


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
ROBERT J. MILLER
VALERIE BRATHWAITE NELSON
PAUL WOOTEN, JJ.


2019-07477
 (Index No. 502788/16)

[*1]Lauren Goulet, appellant, 
v
Pier 2 Roller Ring at Brooklyn Bridge Park, et al., respondents.


Edelman, Krasin & Jaye, PLLC, Westbury, NY (Aaron D. Fine of counsel), for appellant.
Nicholas Goodman & Associates, PLLC, New York, NY (H. Nicholas Goodman and William F. Guilford of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Debra Silber, J.), dated April 11, 2019. The order granted the defendants' motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
The plaintiff allegedly was injured while roller skating at a roller rink (hereinafter the rink) operated by the defendant New York Skating, LLC (hereinafter New York Skating). At the time of the accident, the plaintiff, an experienced skater, was skating backwards and allegedly tripped over an uneven portion of the rink floor.
The plaintiff commenced this action against, among others, New York Skating, to recover damages for personal injuries. Thereafter, the defendants moved for summary judgment dismissing the complaint. In support of the motion, the defendants submitted, inter alia, a transcript of the deposition testimony and an affidavit of Crystal Sperling, the general manager for the rink. Sperling explained that the portion of the rink floor where the plaintiff fell periodically "buckl[ed]" due to an expansion joint in the pier beneath the rink which was designed to expand and contract to avoid cracking of the pier. Sperling indicated that when the buckling condition was observed, rink staff would place an orange cone in that location "to warn skaters of the buckle," and that she observed the cone had been placed directly on top of the buckling floor prior to the plaintiff's accident. The defendants also submitted a transcript of the plaintiff's deposition testimony, wherein the plaintiff acknowledged that she had seen the cone and "probably . . . gone around" it twice prior to the accident. In an order dated April 11, 2019, the Supreme Court granted the defendants' motion. The plaintiff appeals.
Under the doctrine of primary assumption of risk, a voluntary participant in a sporting or recreational activity "consents to those commonly appreciated risks [that] are inherent in and arise out of the nature of the sport generally and flow from such participation" (Morgan v State of New York, 90 NY2d 471, 484; see Custodi v Town of Amherst, 20 NY3d 83, 88; Kannavos v Yung-Sam [*2]Ski, Ltd., 187 AD3d 730, 730; Ninivaggi v County of Nassau, 177 AD3d 981, 982). "Risks inherent in a sporting activity are those which are known, apparent, natural, or reasonably foreseeable consequences of the participation" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d 641, 642 [internal quotation marks omitted]; see Mamati v City of N.Y. Parks & Recreation, 123 AD3d 671, 672). "'This includes risks associated with the construction of the playing surface and any open and obvious condition on it,' including less than optimal conditions" (Asprou v Hellenic Orthodox Community of Astoria, 185 AD3d at 643, quoting Brown v Roosevelt Union Free Sch. Dist., 130 AD3d 852, 853-854; see Bukowski v Clarkson Univ., 19 NY3d 353, 356; V.A. v City of New York, 188 AD3d 962). Further, "[i]t is not necessary to the application of assumption of risk that the injured plaintiff have foreseen the exact manner in which his or her injury occurred, so long as he or she is aware of the potential for injury of the mechanism from which the injury results" (Maddox v City of New York, 66 NY2d 270, 278; Philius v City of New York, 161 AD3d 787, 788). "'[W]hen a plaintiff assumes the risk of participating in a sporting event, the defendant is relieved of legal duty to the plaintiff; and being under no duty, [the defendant] cannot be charged with negligence'" (Kannavos v Yung-Sam Ski, Ltd., 187 AD3d at 730, quoting Cotty v Town of Southampton, 64 AD3d 251, 254).
Here, the defendants established their prima facie entitlement to judgment as a matter of law based upon the doctrine of primary assumption of risk (see Ziegelmeyer v United States Olympic Comm., 7 NY3d 893, 894; Sykes v County of Erie, 94 NY2d 912, 913; O'Toole v Long Is. Jr. Soccer League, Inc., 161 AD3d 1186, 1187; Philius v City of New York, 161 AD3d at 789; Retian v City of New York, 259 AD2d 684, 685). Although the plaintiff testified she did not observe that the floor was buckled prior to her fall, she acknowledged that she had seen the cone and skated around it prior to the accident. Nevertheless, the plaintiff chose to skate backwards in close proximity to the prominent orange cone at the time of the accident. Thus, the defendants established, prima facie, that the plaintiff assumed the risk of injury (see Philius v City of New York, 161 AD3d at 788-789; Benolol v City of New York, 94 AD3d 414, 415; Gafner v Chelsea Piers, L.P., 27 AD3d 353, 354; Clements v Skate 9H Realty, 277 AD2d 614, 615; Retian v City of New York, 259 AD2d at 685). In opposition, the plaintiff failed to raise a triable issue of fact, including as to whether the defendants concealed or unreasonably increased the risk by placing the cone (see Lee-Csoke v Mid-Hudson Civic Ctr., Inc., 151 AD3d 710, 710-711; Bryant v Town of Brookhaven, 135 AD3d 801, 803).
Accordingly, the Supreme Court properly granted the defendants' motion for summary judgment dismissing the complaint.
CHAMBERS, J.P., MILLER, BRATHWAITE NELSON and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court